## MARY ELIZABETH SWALLOW

### *v.*

## CHARLES S. SWALLOW.

[Argued December 29th, 1914.   Decided December 31st, 1914.]

1. The operation of an order for temporary alimony terminates with the entry of the final decree.   Its vitality, however, survives that event.

2. An order for temporary alimony continues down to the final decree, and may be thereafter enforced, even though the wife be adjudged guilty.

3. An order made during the pendency of the suit, directing alimony to be paid "until the further order of the court in the premises," construed to mean that it was to be paid during the progress of the suit, unless in that period a superseding order was entered.

4. *Query:* Can a subsequent order for permanent alimony be made to relate to the date of the final decree?

On petition to discharge a writ of sequestration.

*Mr. James J. McGoogan,* for the petitioner.

*Mr. William M. Jamieson,* for the defendant.

BACKES, V. C.

The final decree of divorce granted to the petitioner in 1905 made no provision for alimony. During the pendency of the suit, an order was made that the defendant pay to the petitioner the sum of $5 per week, until the further order of the court in the premises. The defendant defaulted. Recently he came into an inheritance, and a writ of sequestration issued, which was executed. The defendant now offers to pay the amount of alimony that accrued up to the time of the entry of the final decree, and prays that upon payment being made the writ be discharged. The petitioner insists on payment of accruements to the present time.

The operation of an order for temporary alimony terminates with the entry of the final decree. Its vitality, however, survives that event. Bishops says that it is not given as the ultimate award of justice, but as a needful step in a course of ascertaining what justice demands. In *McGrail* v. *McGrail, 51 N. J. Eq. 537,* Vice-Chancellor Green, speaking of the office of such an order, says: "It is, by its terms, limited in time to the pendency of the suit. It necessarily ceases to be operative on a final decree being entered. That result would have been reached in any determination of the cause. If the wife had been successful, it would have been necessary to provide by decree for permanent alimony; if the husband, the order, of course, would not continue."

To the same effect is the opinion in *Wood* v. *Wood, 7 Lans. 204,* where it was held that an order for alimony was superseded by the final judgment, and that the judgment concludes the parties on the subject of alimony, as well as other matters involved in the suit, and that if the husband ought to pay future alimony, a clause to that effect should be inserted in the judgment. *14 Cyc. 760.* The cases cited in *Wood* v. *Wood* are also authority for the proposition that a wife's order for temporary alimony continues down to the final decree, and may be thereafter enforced, even though she be adjudged guilty.

In the present case, it is urged that the wife was the innocent party, and having succeeded in the divorce proceedings, and, because the alimony was directed to be paid "until the further

order of the court in the premises," it (the order) continues in full force until some substituted provision for maintenance is made, or the order is specifically abrogated. This I cannot entertain as sound. We must look to the substance, rather than to the form of the order. The petitioner, in her petition, upon which the order was made, alleged that she was wholly destitute of the means of supporting herself, pending the suit, and prayed that her husband be required to pay her a proper allowance for her support and maintenance "until the termination of this suit." The order granting the allowance recites that it appeared to the chancellor "that the prayer of the petition should be granted." This, it seems to me, makes it apparent that the direction to pay "until the further order of the court in the premises," means that the alimony allowed was to be paid during the progress of the suit, unless in that period some other order was made. Furthermore, under the doctrine hereinbefore stated, that all interlocutory orders in a cause are replaced by the final decree, satisfies the language of the order upon which the argument is based.

Upon the defendant paying to the petitioner, or into court, if she refuses to take it, all arrearages of alimony to the entry of the final decree, together with the costs of these proceedings, I will advise an order discharging the writ of sequestration.

Upon the hearing, the petitioner applied for permanent alimony, expressing herself as content with the amount allowed, pending the suit. No formal petition and supporting affidavits were presented, according to the usual practice, but this, under the circumstances, may be dispensed with. The affidavits upon which the *pendente lite* order was made, and those used upon this motion, are before me, and the latter disclose a greater affluence now than the defendant possessed when the first-mentioned order was made. I will grant the allowance asked, unless:

The affidavits before me show that the petitioner was ignorant of the absence of provision in the final decree for permanent alimony. She seems to have been shamefully neglected by the defendant, and I feel that he now, being in funds, ought to, if he can, be made to make amends, and I suggested to counsel the

possibility of an order for permanent alimony relating to the date of the final decree. I have searched for authority, and refer counsel to the cases of *Forrest* v. *Forrest, 6 Duer 102; 25 N. Y. 501; Burr* v. *Burr, 7 Hill 207; Bidd. Div. 152,* which seem to countenance this practice.

If the petitioner cares to pursue her application further, she will have to present it upon proper moving papers.