## Blackburn v. Blackburn.

(Decided February 27, 1923.)

### Appeal from Grant Circuit Court.

1. Appeal and Error—Judgment Awarding Sum for Maintenance During Divorce Suit Held Final and Appealable and Within Court's Jurisdiction After $200 Had Accrued.—A judgment in favor of a wife against her husband for $100 a month during the pendency of a divorce action, for the maintenance of herself and her daughter, which provided for payment until the further orders of the court, was a final appealable judgment, and within the jurisdiction of the Court of Appeals after $200 had accrued thereon.

2. Trial—When Contract Settling Property Rights Not Filed With Answer or Introduced, Evidence Respecting it Properly Excluded.—In a wife's divorce suit, where an alleged contract fixing property rights upon a separation was not filed with the answer nor introduced in evidence, the court properly sustained objections to all

questions asked in reference thereto, and the issue must be decided independent thereof.

3. Divorce—Necessity and Amount to be Awarded for Maintenance Addressed to Court's Sound Discretion.—Though Ky. Stats., section 2121, authorize an allowance to the wife for maintenance pending an action for divorce, the necessity therefor and the amount thereof are matters addressed to the sound discretion of the court.

4. Divorce—Allowance of $100 a Month for Maintenance of Wife and Daughter During Suit Reduced to $75.00.—Where a husband was worth over $55,000.00 and had an elegant home and an income of over $3,000.00 a year, and the wife had a small insurance business paying $15.00 or $20.00 a month and a salary of $100.00 a month as bookkeeper, and was 48 years old, and had the custody and care of an invalid daughter 12 years old, an allowance of $75.00 a month for the maintenance of the wife and daughter during the divorce suit held sufficient, and an allowance of $100.00 a month would be reduced to that sum.

DICKERSON & HOGAN for appellant.

JOHN B. O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a suit for divorce in the Grant circuit court a judgment was rendered on the 9th day of February, 1921, in favor of the appellee against her husband for the sum of $100.00 per month during the pendency of this action for the maintenance of herself and daughter, same to be paid on the 15th day of each month until further orders of the court.

On the 12th day of April, 1921, and at a time when over $200.00 had accrued on the judgment, the husband executed supersedeas bond in this court and filed motion for appeal. It thus appears that the amount involved is within the jurisdiction of this court, also the judgment is a final one and appealable. Wallace v. Wallace, 159 Ky. 451; Kelly v. Kelly, 179 Ky. 586; Lochmane v. Lochmane, 78 Ky. 467.

The petition alleged cruelty on the part of the husband as a ground for divorce. In his answer he traversed this and pleaded five years' separation and abandonment on the part of the wife. He further claimed that he and his wife had separated twelve years since, at which time a written contract was executed settling their property rights, by which he was to pay the plaintiff $5,000.00 in full of all obligations on his part, and this was pleaded in

bar of alimony and maintenance, and in turn these averments were controverted of record.

Appellant states his willingness to care for his infant daughter and asserts that in view of the alleged written contract fixing the property rights upon separation, the court was without authority to award maintenance and its action in so doing was arbitrary and unwarranted. However, the alleged contract was not filed with the answer nor introduced in evidence and the court below properly sustained objections to all questions asked in reference thereto, hence the matter at issue must be decided independent of that contract.

Section 2121, Kentucky Statutes, authorizes maintenance to the wife pending an action for divorce, but the necessity therefor and the amount thereof are matters addressed to the sound discretion of the court.

In a recent case the court said:

"In fixing the amount of such an allowance as was here asked by the wife there are various elements to be considered by the court. Among these are (1) the size of the husband's estate and its productiveness, his income and earning capacity. (2) The wife's age, health, dependence and cost of her maintenance and the station in life in which her marriage to the husband placed her. (3) If there are children and they are wholly or in part in the custody of the wife though the husband be charged with their maintenance, the allowance should include some amount, however slight, which, though not actually required for their maintenance, the wife's motherly love may prompt her to expend in furtherance of their happiness and which if so expended would be of no hurt to their proper training or well-being. (4) The particular cause that induced the wife to sue for the alimony." Kelly v. Kelly, 179 Ky. 589.

The evidence as to the value of appellant's property and as to his income is not clear, but he is certainly worth in excess of $55,000.00, has an elegant home, and an income of over $3,000.00 per annum.

Both he and his wife have worked and earned salaries during their married life. She has a small insurance business which she says pays her $15.00 or $20.00 a month, and she receives a salary of $100.00 a month as bookkeeper for a tobacco company, but has no property aside from household effects. She is 48 years of age and is burdened with the care of an invalid daughter twelve years of age. The husband states his desire to take care

of his daughter, but the court has left her with her mother.

In view of all these circumstances and of the condition in life of the parties we think the sum of $75.00 a month a fair allowance to require the husband to pay to her for the support and maintenance of the two, and that the judgment should be reduced to that amount.

Appeal granted, judgment reversed and cause remanded for proceedings consistent with this opinion.