JOHANNA WHITE, otherwise known as JOHANNA MONNARD, petitioner,

*v.*

FREDERICK W. WHITE, defendant.

[Decided March 14th, 1923.]

Under the supplement to the act respecting executions, chapter 113, laws of 1916, page 242, an *installment execution* may issue on an order or decree of the court of chancery as well as on a judgment of a court of law.

On petition for annulment of marriage. On application for installment execution.

*Mr. Jerome J. Dunn,* for the petitioner.

WALKER, CHANCELLOR.

A decree *nisi* annulling the ceremony of marriage performed between the parties hereto, was made and entered in this cause August 3d, 1922, with the petitioner's costs incurred and to be incurred to be taxed, including a counsel fee of $150; and a final decree was made and entered herein February 5th, 1923, wherein, and whereby it was ordered, adjudged and decreed that the decree *nisi* be made and become absolute, &c. By order made and entered herein February 24th, 1923, it was ordered that execution do forthwith issue out of this court in the above stated cause directed to the sheriff of the county of Hudson, to make the sum of $264.33, for the aforesaid costs and counsel fee; and execution therefor was thereupon issued and was delivered to the sheriff to whom it was directed, who has returned the same into court wholly unsatisfied. Proof has been made by affidavits that the defendant is employed by the Smooth-On Manufacturing Company, No. 572 Cummunipaw Avenue, Jersey City, and that he is in receipt of wages therefrom at and after the rate of $30 per week; that he has no one depending upon him for support, and has other income, and can afford to pay twenty per cent. of his weekly wages toward the satisfaction of the costs and counsel fee aforesaid. Upon this proof application is made under chapter 113, laws of 1916, page 242, for an installment execution.

That act is a supplement to the act respecting executions. It provides in section 1, that when a *judgment* has been recovered and where an execution issued thereon has been wholly or partly unsatisfied, where any wages, &c., are due and owing to the judgment debtor, or shall thereafter become due and owing to him, to the amount of $18 or more per week, the judgment creditor may apply to the court without notice to the judgment debtor, and upon satisfactory proofs, the court or a justice thereof must grant an order directing that an execution issue against the wages, &c., of the judgment debtor, and on presentation of such execution by the officer to whom delivered for collection, to the person or persons from whom such wages, &c., are due and owing, or thereafter

become due and owing, to the judgment debtor, the execution shall become a lien and a continuing levy upon the wages, &c., of the judgment debtor to the amount specified therein, which shall not exceed ten per cent., unless the income of the debtor shall exceed the sum of $1,000 per annum, in which case the judge may order a larger percentage, and the levy shall become a continuing levy until the execution and expenses are fully satisfied and paid, &c.

This act, although a supplement to the act respecting executions, and although it provides that when a *judgment* has been recovered an installment execution, as it is sometimes called, may issue in the circumstances stated above, applies to executions on *orders* and *decrees* in chancery as well as *judgments* in courts of law.

The Chancery act (*Comp. Stat. p. 425 § 44*) provides that a decree of this court shall, from the time of its being signed, have the force, operation and effect of a judgment at law in the supreme court; and all decrees and orders of the court of chancery whereby any sum of money shall be ordered to be paid by one person to another, shall have the force, operation and effect of a judgment at law in the supreme court, and the chancellor may order such execution thereon as in other cases, &c.

A decree in equity is a judgment, and, as such, stands equal in rank with a judgment at law. *Second National Bank* v. *Blauvelt, 44 N. J. Eq. 173.* Therefore, the act respecting installment executions applies as well to *orders* and *decrees* in chancery as to *judgments* at law, and the petitioner herein is entitled to the issuance of such an execution out of this court in this case. As defendant's income is shown to exceed $1,000 per annum, let the writ command the payment of twenty per cent. of the defendant's wages until the execution shall be wholly satisfied, including the costs of this proceeding and of the writ.