This is a suit by wife against husband, for divorce and alimony. Application was made early in the suit for alimony and counsel fees pendente lite, but by agreement of counsel, the consideration and determination thereof was *Page 204 
postponed until final hearing. At the date fixed for final hearing, by agreement of the parties and leave of the court, the issues as to alimony and counsel fees were reserved for later determination if necessary, and the issue as to the divorce alone was heard at that time, and determined in favor of the wife.
The undetermined issue as to alimony and counsel fees was referred to a special master, counsel suggesting that perhaps an agreement might be reached between the parties. There was added to the decree nisi the following provision in that behalf:
"And it is further ordered, adjudged and decreed that this cause be referred to Charles M. Myers, Esquire, one of the special masters of this court, to ascertain and report what is a reasonable sum that the defendant should be required to pay to the petitioner for her support and maintenance from the commencement of this suit to the termination thereof, and thereafter [without any prejudice to any contention by the defendant, Edward Blair Sutphen, that no sum or sums by way of support or maintenance of the petitioner during the pendency of this suit or thereafter should be paid by him]; and also what reasonable sum the defendant, Edward Blair Sutphen, should pay as and for expense moneys and counsel fees to the said petitioner, the master giving notice to the defendant, Edward Blair Sutphen, of his sittings for the purpose of these inquiries, pursuant to the rules of this court. All further equities are reserved until the coming in of the report, c."
Efforts for agreement by the parties were unsuccessful. Several hearings were had before the master, but the hearings were not concluded. Three months after the decree nisi final decree of divorce was entered, July 5th, 1927. July 30th, 1927, Mrs. Sutphen died unexpectedly. The master subsequently declined to proceed further, and the death of Mrs. Sutphen has now been suggested on the record and application made by her executrix and her sole legatee for an order of revivor. This is contested by defendant, who has a counter-motion to vacate the reference to the master.
The right to permanent alimony is separate and distinct *Page 205 
from the right to divorce. The wife is not necessarily entitled to alimony merely because of bringing the suit or because of obtaining a decree of divorce. Whether or not a wife, even if successful in obtaining decree of divorce, is entitled to decree for permanent alimony, and if so, for what amount, is an issue separate and distinct from the issue as to the divorce, and involving for its determination matters of evidence different from, or at least additional to, the evidence required for the determination of the divorce issue. Nor is it an absolute right; it rests in sound judicial discretion.
The right to alimony, if it exists, is a purely personal right, at least prior to decree or determination. This seems scarcely open to question, and has been repeatedly stated by this court and the court of errors and appeals. Lynde v. Lynde, 64 N.J. Eq. 736
(at p. 753). Hence, it inheres in the wife alone, and terminates at her death. It follows that by her death pending suit the cause of action abates and (in the absence of statutory provision — and none such exists), cannot be revived by or in favor of her personal representative or legatee.
In this aspect it will be seen that it is immaterial that what the present petitioners now seek is not alimony in futoro, but alimony from the commencement of the suit, or from the decreenisi, to the date of the wife's death.
All that has been said as to the right or claim to permanent alimony applies equally to the right or claim to temporary alimony, and to costs and counsel fees.
It is true that a court of equity, where a party entitled to decree dies between the submission of the cause and the determination thereof, will enter the decree as of the date of final hearing. Presumably, this is because the party has done all that he or she could do; the right has actually been proven and established by the evidence submitted, even though the court has not as yet arrived at that conclusion. But that rule cannot apply where, as here, the evidence has not been completely submitted. The wife has died in the midst of her attempt to prove her claims of right to temporary and permanent alimony and costs and counsel fees. She had not yet proved them. If she had them, they, being personal rights, died with her and cannot be proven by or in favor of her *Page 206 
personal representative or legatee. The causes of action abate by her death.
In Seibert v. Seibert, 86 Atl. Rep. 535, the defendant wife appealed from a decree nisi and obtained an order from the court of errors and appeals which, inter alia, reserved to her the right to apply later for alimony pending the appeal, and for counsel fees. She died before the appeal was heard but after counsel had performed services, and counsel applied for an allowance for such services. It was held that no such order could be made, notwithstanding the reservation in the first order, because the suit had abated by the wife's death.
Where a cause of action abates by the death of a party no costs will be awarded. Sears v. Jackson, 11 N.J. Eq. 45 (at p.47).
The application to revive must be denied, and the reference to the master terminated. *Page 207