ELIZABETH A. BUVINGER, Plaintiff, *v.* RALPH R. BUVINGER, Defendant.

Supreme Court, Special Term, New York County, December 16, 1942.

*John Francis Spellman* for plaintiff.

*Arthur L. Obie* for defendant.

BERNSTEIN, J. Motion to punish defendant for contempt because of his failure to pay alimony accruing under the order of December 10, 1941, is denied. That order directing payment of alimony *pendente lite* was made on the assumption that plaintiff had shown a reasonable probability of success. While she did succeed in obtaining an interlocutory judgment in her favor upon the subsequent trial, that judgment has since been reversed under an opinion which found against her on the controlling issue of abandonment. (*Buvinger* v. *Buvinger*, 265 App. Div. 123.) It is true the order of reversal merely remitted the case

for retrial, but a reading of the opinion of the Appellate Division makes it clear that her success upon the new trial is no longer reasonably probable. An order for the payment of alimony *pendente lite* is not a fixed and constant thing, but is subject to modification at any time during the pendency of the action. (Civ. Prac. Act, § 1169.) Developments since December 10, 1941, call for a complete vacatur of the order of that date, but, since there appears to be no right to the return of payments already made (*Griffin* v. *Griffin*, 219 App. Div. 370), defendant's cross-motion is granted to the extent of vacating that order *nunc pro tunc* as of June 30, 1942, the date when the payments were stayed pending appeal. Settle order.