119 N.J. Super. 109 (1972)
290 A.2d 307
ROBERT WEINER, PLAINTIFF,
v.
BEATRICE WEINER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 19, 1972.
*110 Mr. Benjamin D. Braelow, attorney for plaintiff.
Mr. Ira J. Katchen, attorney for defendant.
ARNONE, J.J.D.R.C. (temporarily assigned).
This matter is before this court to determine if a counsel fee should be awarded defendant-wife's attorney although a voluntary dismissal of the complaint was taken by plaintiff-husband and an alleged reconciliation took place.
On February 24, 1971, plaintiff, Robert Weiner, commenced a divorce action based on the ground of extreme cruelty, against defendant, Beatrice Weiner.
*111 The matter proceeded with all the concomitant motions interspersed between the date of the filing of the complaint to the actual trial date scheduled for October 12, 1971. On that date, and in a conference in chambers, plaintiff's attorney disclosed that plaintiff desired to withdraw his complaint. The basis set forth by plaintiff for his voluntary dismissal was that the parties had reconciled. Defendant's attorney questioned the bona fide aspect of the reconciliation. Nonetheless, on October 19, 1971 an order was entered dismissing the complaint and granting leave to defendant's attorney to make application for counsel fees.
On January 4, 1972 defendant's attorney, Ira J. Katchen, Esq., by motion applied for counsel fee less credit for what plaintiff had already paid him pendente lite  a total additional request of $3,500. A detailed affidavit of legal services rendered accompanied the motion.
On January 10, 1972 plaintiff responded that at the date of the hearing (October 12, 1971) he and his wife had reconciled and were still living together, and because of this reconciliation, the attorney for defendant was not entitled to any additional fee, and further, plaintiff argues that the pendente lite fee should be returned to him.
Defense attorney in his reply affidavit states that the order of dismissal reserved to him the right to apply for counsel fees upon the filing of his affidavit of services. In addition, he states that his client has informed him that there is presently no reconciliation between the parties and that plaintiff is living in Florida and defendant in New Jersey. This is supported by defendant's affidavit wherein she submits that although she is still plaintiff's wife, he has abandoned and deserted her and is refusing to live with her or to adequately maintain her.
Plaintiff claims that a reconciliation was effected but that defendant refused to accompany him to Florida. He alleges that a settlement agreement was informally reached without either attorney present, but that defendant would *112 not sign it because her attorney told her that if plaintiff did not pay his fees, he would sue her for the amount.
The court, in its discretion, may make an allowance to counsel in a matrimonial action. R. 4:42-9(a) (1). However, this rule was applied where the matrimonial action was terminated by the progress of the litigation to final judgment. Anything short of final judgment was deemed a bar to the fee. This strict limitation was applied accordingly.
Thus, the attorney for a wife who dropped her suit for separate maintenance and whose husband in turn dropped his counterclaim for divorce, was denied a final counsel fee. The final fee was denied even though the attorney for plaintiff-wife was responsible, by his efforts, for the reconciliation of the parties, and notwithstanding that he had a retainer agreement with the wife. See Cole v. Cole, 30 N.J. Super. 433 (Ch. Div. 1954).
It was stated in Sutphen v. Sutphen, 103 N.J. Eq. 203 (Ch. 1928), that a cause of action for divorce terminates at the death of wife if she dies prior to the final hearing. Further, it was held that a claim for alimony pendente lite and for counsel fees and costs could not be allowed because the suit had abated by the wife's death.
In Iovino v. Iovino, 58 N.J. Super. 138 (App. Div. 1959), it was held that no counsel fee was due the attorney for a wife who had been successful in obtaining a judgment nisi and who subsequently entered into a reconciliation with her husband. The court reasoned that once the judgment nisi was vacated upon her own application, the judgment was vacated in toto and the counsel fee, being part of that judgment, was also required to be vacated.
Wilson v. Wilson, 99 N.J. Super. 427 (Ch. Div. 1968), continued this line of reasoning and held that a judgment of dismissal of a divorce action predicated on a reconciliation cannot contain a reservation of a pendente lite order awarding counsel fees even though the purpose of such *113 pendente lite fee was to enable the wife to prepare her case for trial.
Underlying this decisional law was the strong public policy ordaining that the marital status be maintained; that it was the duty of counsel as officers of the court to encourage settlement of actions disruptive of the marital status even at the cost of legal fees to counsel, and that the reconciliation of the parties abrogates the cause of action as a legal proceeding. See Wilson v. Wilson, supra; Cole v. Cole, supra; Shaffer v. Shaffer, 129 N.J. Eq. 42 (E. & A. 1941); Kuntz v. Kuntz, 80 N.J. Eq. 429 (Ch. 1912).
Such was the decisional law and public policy affecting the award of counsel fees to attorneys in matrimonial actions which never reached finality until the New Jersey Supreme Court decision in Williams v. Williams, 59 N.J. 229 (1971). In that case the court was confronted with the question of the award of counsel fees to the attorney for Mrs. Williams who had died during the pendency of the action, thus abating the suit before final judgment.
There is language in Williams which this court determines relates to and should be extended to suits terminated as a result of reconciliation or the fact that the complaining party moves for a voluntary dismissal of his action.
In referring to Sutphen v. Sutphen, supra, the court in Williams, states:
In our view, the Sutphen court's equation of permanent alimony with counsel fees and costs is plainly wrong. In the counsel fee and cost situation, such as presented here, unlike the situation where an award of permanent alimony is sought after the wife's death, her death does not extinguish the need for the award. Her estate remains liable to the attorney as the contracting party and the only consequence of the abatement doctrine is to relieve the husband of any liability for such moneys. We think the exemption of the husband in such circumstances is unfair and incompatible with the policy underlying the grant of counsel fees and costs. [At 232-233]
The court also finds that counsel fees and costs in a divorce action are properly made the obligation of the husband and are not unlike other categories of "necessities" *114 which the law compels the husband, the usual repository of family finances, to furnish the wife. The test used to determine the applicability of such an award is that if there can be no dispute that applicant would be entitled to an award for fees and costs had the litigation proceeded to final judgment, then the applicant would be entitled to an award of fees and costs when the suit is terminated short of final judgment. Williams v. Williams, supra.
This does not bar counsel from applying for an award of a counsel fee directly to himself, since the court determined that attorneys in such cases have the standing as unpaid solicitors, and while counsel fees and costs are awarded to the litigant, they properly "belong" to counsel. The allowances are to be held in trust for the attorneys who furnished the services. Williams v. Williams, supra.
Besides the strong language in the Williams case, this court strongly believes that to deny counsel fees in cases where reconciliation has been effected would in reality thwart the underlying public policy of encouraging attorneys to preserve the marital status by diligent efforts to secure a reconciliation. It seems illogical that a fee should not be awarded for services rendered to promote the public policy of maintaining the marital status while a fee is awarded for services rendered in dissolving the marital status which public policy seeks to maintain.
Considering the strong and broad language in Williams and the public policy of preserving the marital status, I find that the law as expressed in Williams, with respect to the award of counsel fees and costs the attorney of a party dying prior to a final judgment but after the start of the suit, is also the law with respect to a reconciliation effected during the pendency of the suit as well as with respect to a termination of the suit by a voluntary dismissal of the action by a party.
It is, therefore, the view of this court that the application by defendant's attorney for costs and counsel fees should be *115 granted. The question remains as to what amount should be allowed. An examination of the filed affidavit of services indicates that some of the services rendered were in a Juvenile and Domestic Relations Court action for contempt, wherein the attorney indicated he would not apply for fees and costs in relation to that matter. Taking this into consideration, I feel the additional requested fee of $3,500 should be reduced. The total fee remaining to be paid is $1,500 plus costs.