MOORE & HOWELL, Plaintiff-Appellant and Cross-Appellee, v. ROBERT STEINBOCK, a/k/a Robert S. Sinclair, Defendant-Appellee and Cross-Appellant.

First District (4th Division)   No. 76-743

Opinion filed December 14, 1978.—Rehearing denied January 16, 1979.

Ann Acker, of Chapman and Cutler, of Chicago, for appellant.

Van Emden, Busch & Van Emden, of Chicago (George J. Van Emden, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

This action arises from a petition filed by plaintiff, Moore & Howell, to register a foreign judgment under the Uniform Enforcement of Foreign Judgments Act. (Ill. Rev. Stat. 1975, ch. 77, par. 88 *et seq.*) The circuit court sustained a motion by defendant, Robert Steinbock, a/k/a Robert S. Sinclair (hereinafter Steinbock), to dismiss plaintiff's complaint with prejudice. Plaintiff appeals that dismissal and we reverse.

Defendant cross-appeals from a judgment of the circuit court denying him relief under section 41 of the Illinois Civil Practice Act (hereinafter Civil Practice Act) (Ill. Rev. Stat. 1975, ch. 110, par. 41). In addition, defendant cross-appeals from that portion of the judgment granting plaintiff a final order and we affirm.

The questions for review are (1) whether the judgment for counsel fees entered by a New Jersey court in favor of Moore & Howell, counsel in a divorce action, is entitled to full faith and credit in Illinois; (2) whether the circuit court should have granted defendant's motion for section 41 relief under the Civil Practice Act; and (3) whether the circuit court erred in granting plaintiff's motion for a final order.

A summary of the procedural aspects of this case follows. In October 1966, Robert Steinbock filed a complaint for divorce against his wife, Nancy Sinclair, in the New Jersey Superior Court. A judgment for divorce was entered by the trial court and Mrs. Sinclair appealed to the appellate division of the New Jersey Superior Court. Mr. Steinbock cross-appealed from the award of counsel fees to the attorneys for his wife. His action for divorce was dismissed by the Appellate Division of the Superior Court of New Jersey, the judgment for counsel fees was affirmed, and he was ordered to pay Moore & Howell $3500 counsel fees for services rendered in the Chancery Division of the Superior Court of New Jersey. The appellate division also granted Moore & Howell's motion for $2780.69 for services rendered on appeal.

An abstract of the judgment was entered upon the judgment docket of the Superior Court of New Jersey, and Mr. Steinbock's petition for certification of the case was denied by the Supreme Court of New Jersey.

On October 13, 1970, Moore & Howell filed the instant petition to register a foreign judgment in the circuit court of Cook County. Subsequently, Mr. Steinbock filed a motion for leave to appeal in the New Jersey Supreme Court and that motion was denied.

On May 27, 1971, defendant filed a motion to dismiss plaintiff's

complaint and on June 22, 1972, Judge Joseph B. Hermes of the circuit court of Cook County entered an order striking plaintiff's petition for registration of a foreign judgment. Moore & Howell appealed the order striking its petition for registration to the appellate court of Illinois on November 16, 1972, and this court dismissed the appeal on the ground that a final appealable order had not yet been entered. (Moore & Howell v. Steinbock a/k/a Sinclair, Ill. App., First Dist. Docket No. 58156, Nov. 16, 1972.) Plaintiff filed its motion for a final order on March 26, 1973.

On March 27, 1973, defendant filed a petition in the circuit court of Cook County under section 41 of the Civil Practice Act requesting costs and counsel fees incurred in defending the appeal which had been dismissed.

Plaintiff's motion for a final order and defendant's motion for section 41 relief were denied on May 22, 1973. Subsequently, both parties renewed their motions. Defendant's motion was denied, and an order was entered on plaintiff's motion upon which this appeal is based.

Defendant asserts that the New Jersey judgment does not deserve full faith and credit in Illinois. He argues, *inter alia*, that the registration of the foreign judgment should be disallowed because plaintiff is not a proper party plaintiff, since Nancy Sinclair was the party to the divorce proceeding and the real party in interest. At the least, defendant contends, Nancy Sinclair should have been joined as co-plaintiff.

Plaintiff counters with the position that the question of whether Moore & Howell is the proper party to bring the suit is governed by New Jersey law.

■■ The New Jersey courts have settled the question of whether an attorney has sufficient standing to seek an award of counsel fees. Plaintiff cites a leading case on point, *Williams v. Williams* (1971), 59 N.J. 229, 281 A.2d 273. In *Williams*, the wife's attorney in a divorce proceeding was allowed counsel fees where he brought the action in his own name. His client had died during the pendency of the litigation and the court rejected the argument that the action should have been brought by the wife's estate. The *Williams* court found the attorney to be the party in interest to the extent that while the fees are generally awarded to the litigant they properly "belong" to counsel. (59 N.J. 229, 234, 281 A.2d 273, 276.) *Williams* has been followed in similar cases in New Jersey (see *Weiner v. Weiner* (1972), 119 N.J. Super. 109, 114, 290 A.2d 307, 310), and we agree that here it was unnecessary for the wife, Nancy Sinclair, to bring the action for counsel fees or be joined as co-plaintiff.

■■ Defendant additionally argues that there is a public policy in Illinois against the registration of the instant judgment. We can find no such public policy. In fact, Illinois statutory and case law support the awarding of counsel fees.

Section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16) provides in pertinent part:

"In all actions for divorce in which the court grants to the wife or husband, as the case may be, attorney's fees in the prosecution or defense of the action, as the case may be, such fees may, in the discretion of the court, be made payable in whole or in part, to the attorney entitled thereto, and judgment may be entered and execution levied accordingly."

In *Serio v. Serio* (1967), 85 Ill. App. 2d 102, 104, 229 N.E.2d 281, 282, an attorney was allowed to appeal an order determining the amount payable to him in a divorce proceeding.

Plaintiff brings this action under section 2 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1975, ch. 77, par. 89), which provides in relevant part:

"On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction of such an action."

We find that based on the above cited cases and statutes, plaintiff is entitled to registration of the foreign judgment entered in its favor.

Defendant contends that he is entitled to costs and counsel fees as requested in his motion for relief under section 41 of the Civil Practice Act which reads as follows:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." Ill. Rev. Stat. 1975, ch. 110, par. 41.

Our reading of the record does not support a finding that plaintiff's appeal in 1972 was in any way frivolous and without merit as defendant has urged. We therefore affirm the trial court's ruling and deny defendant's petition for section 41 allowances.

Finally, defendant contends that the trial judge was without authority to make the order of June 22, 1972, a final and appealable order. Plaintiff argues that the trial judge did have authority to render the order final, citing *Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 325, 199 N.E.2d 652, 655, which states that a trial judge is not bound by the prior order of another judge. We agree with plaintiff that the trial judge was acting within his authority to vacate the order of April 5, 1976, thereby rendering the order final and appealable.

For the foregoing reasons, the plaintiff's cause is reversed and remanded to the circuit court of Cook County with directions to register

the New Jersey judgment and enter a proper money judgment thereon in favor of plaintiff and against defendant.

Affirmed in part, reversed in part, and remanded with directions.

ROMITI and LINN*, JJ., concur.

---

* At the time of oral argument of this case, Justice Dieringer sat with Justices Johnson and Romiti. Subsequently, Justice Dieringer retired. Since that time, Justice Linn was designated the third member of the panel and has listened to the tape of the oral argument and has read the briefs and excerpts from the record.