EDITH CASHIN, PLAINTIFF, v. HARRY F. CASHIN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County

Decided July 2, 1982.

184

*Marvin H. Sunshine* for plaintiff (*Draesel, Sunshine & Atkins,* attorneys).

*Jack Ballan* for defendant.

SORKOW, J. S. C.

This is a post-judgment motion seeking an order that would serve to garnish 55% of defendant husband's wages to satisfy counsel fees awarded to plaintiff wife in the judgment of divorce.

Plaintiff's counsel has, to the date of this motion, been unsuccessful in collecting his fee. An order for supplementary proceedings in aid of execution issued on April 20, 1982, pursuant to *R.*4:59–1(e).

At those proceedings it was ascertained that defendant was a member of the International Longshoreman's Association, had been steadily employed for the past three years, earned a gross salary of $500 a week, excluding overtime, and that for the week just prior to the defendant's deposition, he earned a net take home pay of $386.

Following that deposition, plaintiff's attorney made application for a wage execution to issue against defendant's wages at a rate of 55% a week in satisfaction of the judgment for counsel fees. Defendant registered a timely objection and, pursuant to *R.*4:59–1(d), the matter is now before this court.

Defendant objects to the execution being sought for two reasons. The first objection raised is a factual one, wherein defendant alleges that he does not have the financial ability to pay the counsel fee awarded. The court notes that defendant raised this same objection both prior to and immediately following the original award of counsel fees at the time of trial. The

court was not persuaded by defendant's plea of poverty then and remains unpersuaded today.

The court now turns to defendant's second and somewhat more complex objection. He challenges the percentage rate at which plaintiff wife is seeking to garnish his wages. He argues that the exceptional rate of 55% requested by petitioner is reserved for awards of support under 15 *U.S.C.A.* § 1673(b) and not for an award of counsel fees. In response to this position plaintiff's attorney argues that the counsel fee awarded is in essence an award for support and thus subject to the exceptional 55% garnishment rate created by 15 *U.S.C.A.* § 1673(b).

A brief review of the controlling federal and state legislation is appropriate for purposes of clarification. 15 *U.S.C.A.* § 1673(a) places a general ceiling on the amount of disposable weekly earnings which are subject to garnishment. The statutory ceiling is fixed as the lesser of either 25% of the disposable weekly earnings or the amount by which the disposable weekly earnings exceed 30 times the federal minimum hourly wage. This general ceiling, however, is subject to certain exceptions found in 15 *U.S.C.A.* § 1673(b).

One such exception applies to garnishments issued to satisfy orders of support. In place of the lesser rate of 25%, 15 *U.S.C.A.* § 1673(b) imposes a greater wage garnishment rate of 55% for such orders. This exception is made binding on state courts under 15 *U.S.C.A.* § 1673(c) and, in fact, is implemented in the State of New Jersey via *N.J.S.A.* 2A:17–56.1. From this review it is clear that New Jersey courts have the authority to enforce orders of support by garnishment of a defendant's wages at the rate of 55% a week. *See, also, Burstein v. Burstein,* 182 *N.J.Super.* 586 (App.Div.1982).

The present inquiry, however, is whether the counsel fee awarded to plaintiff's attorney under the final judgment of divorce is in the nature of a support obligation, thus subject to the 55% wage garnishment provision of 15 *U.S.C.A.* § 1673(b).

■ Inherent in this inquiry is the need to focus on what is support. Fundamentally, it is a payment of money from the obligor spouse to the obligee spouse. It has been held to include a payment in kind made for the benefit of the obligee spouse where mortgage payments made directly to the mortgagee were held to be support. Support is not necessarily linked with the manner of payment or to whom it is tendered, but rather with the necessary nature of the item or services being provided. *Ballard v. Ballard,* 164 *N.J.Super.* 560, 561 (Ch.Div.1978).

■ Do counsel fees come within this definition of support? This question was considered by the court in *Weiner v. Weiner,* 119 *N.J.Super.* 109 (Ch.Div.1972), and the court responded:

... counsel fees and costs in a divorce action are properly made the obligation of the husband and are not unlike other categories of necessities which the law compels the husband, the usual repository of family finances, to furnish the wife. [at 113–114]

That counsel fees are a support extension is further strengthened when a corollary is drawn to the Federal Bankruptcy Act, 11 *U.S.C.A.* § 523(a)(5). Both that act as well as the Federal Wage Garnishment Act, *supra,* under review exempt orders of support from the normal application of the act's provisions. The Federal Wage Garnishment Act attempts to enforce orders of support to the maximum extent possible under the law by exempting such garnishments from the usual 25% rate of execution and imposing a greater 55% rate of execution. The Federal Bankruptcy Act exempts from discharge in bankruptcy debts due and owing for alimony, maintenance or support, once again affording a supported spouse the maximum amount of protection from competing creditors under the law.

Both laws attempt to preserve support monies due and owing a supported spouse. However, should counsel fees awarded a supported spouse be afforded this same protection? The court in *Pelusio v. Pelusio,* 130 *N.J.Super.* 538, 539 (App.Div.1974), addressed the question in terms of the Federal Bankruptcy Act, *supra,* by stating:

> In our view, the counsel fees and costs awarded to plaintiff wife upon the entry of the final judgment of divorce are as much "necessaries" as are alimony, maintenance and support and, as such, fall within the class of indebtedness exempted from release by a discharge in bankruptcy.

This court concludes from the evidence that defendant is presently employed and has been for the last three years. He is earning a minimum gross salary of $500 a week and clearly has the ability to pay the previously awarded sum. The court recognizes that by requiring defendant to meet his obligation in this regard his defendant's current lifestyle may be disrupted; however, such an inconvenience is not sufficient to absolve him of his obligation to pay. Accordingly, the court directs that an execution issue against defendant's wages in satisfaction of the $3,500 counsel fee previously awarded.

This court further concludes that the counsel fee awarded to the plaintiff was intended as a contribution toward her support and maintenance, deserving of the maximum protection affordable under the Federal Wage Garnishment Act, *supra.*

The defendant is currently making support payments directly to the plaintiff in addition to his outstanding obligation to pay the counsel fee previously awarded. Any execution to be issued against the defendant's wages in satisfaction of this later award must conform to the guidelines established by the Appellate Division in *Burstein, supra,* wherein it was stated:

> The federal legislation in our view is not reasonably construable as subjecting the obligor's wages to a 55% garnishment for arrears, leaving him liable to pay, in addition thereto, current support out of the balance of his wages... The wage execution, up to a permissible maximum of 55% must cover both. Current support should be paid first and, if there is a difference remaining between current support and garnishable wages, the difference may be allocated to arrearages.

Accordingly, an execution will issue against defendant's wages in the amount by which 55% of his disposable weekly earnings exceed the current weekly support obligation owing directly to the plaintiff wife.