## CIRCUIT COURT OF FAIRFAX COUNTY

Van Heuven

v.

Van Heuven

June 23, 1988

Case No. (Chancery) 91356

By JUDGE RICHARD J. JAMBORSKY

The issue in this cause is may the Court vacate retroactively a pendente lite award to a spouse who unsuccessfully challenged the property settlement agreement in which she waived her right to support?

The Court has carefully considered [the] memoranda and its own independent research. The Court concludes that absent fraud or bad faith on the wife's part, the Court should not vacate retroactively the pendente lite support order. (The Court assumes that the support ceased as of the date that the Property Settlement agreement was declared valid.)

The contested property settlement agreement situation can be likened to divorce suits involving fault. The obligor spouse seeks to prove that the recipient spouse is at fault in order to defeat a claim for support. While the obligor may allege a good defense to permanent support, such as adultery, this defense will not block pendente lite support even if the allegation later proves to be true. "Even though a court has determined that a spouse is guilty of an offense for which a divorce may be granted, this does not affect such spouse's right to enforce the payment of temporary alimony of that accrued before entry of the final decree." 24 Am. Jur. 2d *Divorce and Separation* sect. 567 (1983). *See also Sundlun v. Sundlun*, 234 A.2d 358 (R.I. 1967) (power to annul decree for pendente lite

support after determination of guilty does not extend to amounts already due but solely to future payments); *Buvinger v. Buvinger*, 39 N.Y.S.2d 197 (1942) (temporary support to wife ceased when appellate court found against her on abandonment issue but husband had no right to return of payments already made). *But see Degerberg v. Degerberg*, 78 Montg. 372 (Pa. Com. Pl. 1961) (court vacated pendente lite support order retroactively on basis that wife committed adultery and did not merit award). Since the recipient spouse need not return the pendente lite support received prior to a final determination of guilty in a divorce based on fault, neither should the wife who unsuccessfully contested the property settlement agreement.

A second reason for allowing the wife to keep money paid prior to the final ruling on the property settlement agreement issue is that her right to the sum vested as each periodic payment came due. A number of jurisdictions support the notion that an order for temporary support takes the nature of a final judgment, in the sense that there is nothing left to do except enforce it; therefore, the recipient has a right to payments as they accrue under that order. *E.g., Sharon v. Sharon*, 67 Cal. 185, 7 P. 456 (1885); *Raines v. Raines*, 138 Ga. 790, 76 S.E. 51 (1912); *Blackburn v. Blackburn*, 198 Ky. 12, 247 S.W. 1111 (1923); *Poeter v. Poeter*, 194 A. 792 (N.J. Ch. 1937); *Caldwell v. Caldwell*, 189 N.C. 805, 128 S.E. 329 (1925). The validity of the pendente lite support order does not depend on the result of the main action. If a court order later finds, for one reason or another, that permanent support is not warranted, the decision does not affect the award of temporary alimony. *Poeter*, 194 A. at 797 (citing *Sharon*, 7 P. at 462). In *Parenti v. Parenti*, 71 R.I. 18, 23, 41 A.2d 313, 316 (1945), the Rhode Island court likened a pendente lite award to a debt which once accrued cannot be reduced. Furthermore, the wife and her creditors should be entitled to rely on the court's order. *See Poeter*, 194 A. at 798.

Finally, the Court concludes that since permanent support cannot be retroactively modified, neither should temporary support. Va. Code § 20-109 states, "the court may increase, decrease or terminate spousal support . . .

that may *thereafter* accrue" (emphasis added). The Virginia Supreme Court has said:

> Payments exacted by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to past due installments. *Cofer v. Cofer*, 205 Va. 834, 838, 140 S.E.2d 663, 666 (1965).

*Richardson v. Moore*, 217 Va. 422, 424, 229 S.E.2d 864, 866 (1976). Given the policy against retroactive modification of permanent support, it stands to reason that a similar stance should be adopted with regard to temporary support.