# W. H. F. Holmes v. Isaac L. Hamburger.

1. Alimony—*Must be for the Benefit of the Wife.*—All orders for alimony or suit money against a husband as party to a divorce suit must, so far as the record shows, be in favor of, or for the benefit of, the wife herself. Parties supplying her with food, clothes and lodging during the pendency of the suit can not come to the court for compensation.

**Divorce and alimony.**—Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

Hervey H. Anderson, attorney for appellant.

It has been held that a divorce suit will not be dismissed until the solicitor has been paid, although the parties have returned to cohabitation. Dixon v. Dixon, 2 P. & M. 253; Cooper v. Cooper, 3 Swab. & Trist. 392; Twislleson v. Twislleson, 2 S. R. 339.

SAMUEL W. JACKSON, solicitor for appellee, contended that an attorney or solicitor has no lien for his fees. Forsyth v. Beveridge, 52 Ill. 268; LaFramboise v. Grow, 56 Ill. 197; Nichols v. Pool, 89 Ill. 491; Story v. Hull, 143 Ill. 506.

"An attorney has no lien on the subject-matter of the suit which he is employed to prosecute that can in anywise impair the right of his client to transfer the same to a third person *pendente lite.*" LaFramboise v. Grow, 56 Ill. 197.

Parties to a suit may settle the same at any time, and courts will enforce settlements so made. Chapman v. Shattuck, 3 Gilman, 49; Toupin v. Gargnier, 12 Ill. 79; Henchey v. Chicago, 41 Ill. 136; Christopher v. Ballinger, 47 Ill. 107.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant was the solicitor for the wife of the appellee, in a bill filed by her for a divorce. The appellant prepared a petition for alimony and solicitor's fees, but before anything could be done upon it the husband and wife came together again and refused to pay the appellant for his services.

The suit being still pending, he filed a petition on his own behalf, that the appellee might be compelled to pay him.

With or without the statute of 1874, all orders for alimony or suit money against a husband, party to a divorce suit, are to be in favor of, or for the benefit of—so far as the record shows—the wife herself. Parties supplying her with food, clothes and lodging *pendente lite*, can not come to the court for compensation.

That his client may prove fickle is one of the risks taken by a lawyer filing a bill for a divorce on behalf of a married woman who has no property. The divorce suit was dismissed by a part of the same order denying him relief.

He had no standing in court, and the order appealed from is affirmed. McCullough v. Murphy, 45 Ill. 256.