## Emerson Womacks v. Minnie Womacks.

1. SOLICITOR'S FEES—*when allowance for, in divorce proceeding, improper.* Solicitor's fees for past services rendered in a divorce proceeding which has been abandoned cannot be allowed.

Divorce proceeding. Appeal from the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1905. Reversed. Opinion filed March 20, 1906.

A. J. MILLER and W. G. SPURGIN, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court directing appellant to pay to appellee, his wife, the sum of $60 for her solicitor's fees. Appellee filed a bill for divorce against appellant returnable to the October term, 1904. On October 5th appellant filed an answer to the same, together with a cross-bill for divorce. On November 12th appellee answered the cross-bill. At the same time she filed a petition for temporary alimony and solicitor's fees, accompanied by an affidavit to the effect that appellant was worth the sum of $40,000. The cause was tried by a jury, which, on December 10th, returned a verdict finding both defendants not guilty. Motions for a new trial were filed by both parties. At the May term, 1905, said motions were withdrawn and the original and cross-bills dismissed by the court for want of equity. The petition for alimony and solicitor's fees was then presented to the court for the first time and a hearing had thereupon. Appellee's solicitors introduced the accompanying affidavit in evidence over the objection of appellant, whereupon the court entered the decree here in question.

The decree must be reversed for the following reason: Although appellee's solicitor might have obtained an order

for the payment of fees *pendente lite* on making a proper case, yet both bills having been abandoned before such order was obtained, the right to the same was lost. Appellee should have procured an order while the suits were being prosecuted, and having failed to do so her application was too late. McCulloch v. Murphy, 45 Ill., 256. Had she been successful in her suit, the services of her solicitor, although rendered in the past, could properly have been taken into account in the final decree, but she having abandoned her suit, no power remained in the court to order the payment of fees to her solicitor for past services. Anderson v. Steger, 173 Ill., 112.

The decree will be reversed without remanding.

*Reversed.*