Anna Werner Prise, Appellee, v. Michael Prise, Appellant.

Gen. No. 21,678.

1. DIVORCE, § 140*—*when application for solicitor's fees too late.* In a bill for divorce, an application for solicitor's fees made after the dismissal of the bill comes too late.

2. DIVORCE, § 85*—*how motion for allowances must be made.* Motions for allowances under section 15 of the Divorce Act (J. & A. ¶ 4230), must be made in the name of the wife and the allowance must be made to her, courts having no power to make such allowance to parties whom the wife has employed.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1915. Orders reversed. Opinion filed January 31, 1916.

RYAN & LEWIS, for appellant.

No appearance for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

March 22, 1914, Anna Werner Prise filed in the Circuit Court a bill for divorce against her husband, the appellant here. Defendant answered the bill and filed a cross-bill August 3, 1914, against the complainant charging her with cruelty, drunkenness and adultery with one Jim Bell, and praying for a divorce. Complainant answered the cross-bill, denying the charges therein made against her. August 7, 1914, the cause was heard by Judge Petit, who entered a decree finding complainant guilty of adultery with Bell and also finding her guilty of habitual drunkenness for more than two years before the filing of the bill. By the decree complainant's bill was dismissed for want of equity and the cross-complainant was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CXCVII 39

granted a divorce on his cross-bill. The decree was entered at the July term. August 18th, a day of the August term, Effie Seeds Wellner filed her affidavit, stating *inter alia* that she was awarded fifty dollars solicitor's fees; that the cause was continued to the August term. No order awarding affiant solicitor's fees or continuing the cause appears in the record; but the court, Judge Windès presiding, on said 18th day of August ordered defendant to pay Effie Seeds Wellner fifty dollars, and that on failure of defendant to do so, he should show cause why he should not be found guilty of contempt of court. An attachment was issued for defendant and cross-complainant, and the court found that he had failed to pay Effie Seeds Wellner fifty dollars, and ordered that he be committed to the county jail for thirty days. He prosecutes this appeal to reverse the order directing him to pay Effie Seeds Wellner fifty dollars and the order committing him to the county jail.

The application for solicitor's fees was not made until the August term, and complainant's bill was dismissed for want of equity at the July term. The application for solicitor's fees, not having been made until after the bill had been dismissed, came too late. *McCulloch v. Murphy,* 45 Ill. 256; *Womacks v. Womacks,* 125 Ill. App. 441.

Motions for allowances under the statute concerning divorce and separate maintenance must be made in the wife's name, and the allowance must be made to her and not to the parties whom she has employed, and the court has no power to make an allowance in favor of such parties. *Anderson v. Steger,* 173 Ill. 113; *Lynch v. Lynch,* 99 Ill. App. 459; *Harris v. Harris,* 109 Ill. App. 148; *Miles v. Miles,* 102 Ill. App. 130.

The order allowing fifty dollars solicitor's fees to Effie Seeds Wellner and the order committing appellant to the county jail are reversed.

*Orders reversed.*