**Margaret M. Serio, Plaintiff-Appellee, v. Frank J. Serio, Defendant-Appellee, Albert H. Werner, Appellant.**

Gen. No. 51,355.

First District, First Division.

June 30, 1967.

Crowley, Sprecher, Barrett & Karaba, of Chicago (Robert A. Sprecher, of counsel), for appellant.

Meyer Weinberg, of Chicago (Meyer Weinberg and Harry G. Fins, of counsel), for appellee.

No brief filed for appellee, Frank J. Serio.

MR. JUSTICE ADESKO delivered the opinion of the court.

Albert H. Werner, (Werner) the first attorney for Margaret M. Serio, plaintiff in the trial court, brings this appeal from an order of the Circuit Court of Cook County allowing him $200 in attorney's fees from the $2,500 attorney's fees the defendant, Frank J. Serio, was required to pay his wife's three attorneys.

In January, 1965, Werner filed a complaint for separate maintenance for plaintiff. Defendant counterclaimed for divorce and filed a petition to partition certain realty. Werner negotiated, on his client's behalf, with defendant's attorney for a property settlement. An oral agreement was reached, but upon being reduced to writing, it was rejected by Mrs. Serio. Part of the property settlement called for Mr. Serio to pay Werner $1,700 in attorney's fees.

Mrs. Serio discharged Werner and retained the services of two other attorneys. They were substituted as attorneys of record and pursued the litigation. A second property settlement was negotiated and this time the parties executed the agreement. One of the provisions of this second property settlement was:

"That the husband shall pay to ———— and ———— (wife's second attorneys) the sum of $2,500; however they shall secure a satisfaction of any debt due to Albert Werner, prior attorney for the wife."

After an uncontested hearing Mrs. Serio was granted a divorce. The decree stated "that the said amount

($2,500) represents the entire obligation of the defendant for any and all attorney's fees incurred on behalf of the plaintiff."

■ Werner's motion for fees was heard on January 31, 1966, and on February 7, 1966, an order was entered allowing him the sum of $200 for legal services rendered on behalf of Mrs. Serio. His verified motion showed that he had spent over 80 hours on the matter and had received only $300 in fees. This amount clearly was not sufficient to pay Werner the reasonable value of his services, nor would the $500 have been sufficient.

■ Initially we note that this court does have jurisdiction of this cause even though the appeal is taken by a nonparty. Such appeals are governed by section 74(1) of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 74). Werner has a sufficient interest to prosecute the appeal. Nott v. Wolff, 18 Ill2d 362, 163 NE2d 809 (1960); Stone v. Baldwin, 331 Ill App 421, 73 NE2d 635 (1947); Doggett v. Deauville Corp., 148 F2d 881 (5th Cir 1945).

Werner filed the record and his abstract and brief. Mrs. Serio filed a brief but it had already determined that the attorneys' fees would be paid by Mr. Serio. The court indicated that the $2,500 was all that Mr. Serio would be required to pay and that sum would be distributed among Mrs. Serio's attorneys. It was for the court to determine how the fund would be allocated among the lawyers.

■ Mr. Serio did not file a brief in this court, nor did any of the attorneys who were involved in the cause, other than Werner. We therefore consider this appeal as if no brief has been filed to support the order of February 7, 1966, setting Werner's fee at $200.

We reverse the order of the Circuit Court of Cook County and remand the cause for a rehearing as to what portion of the $2,500 paid by Mr. Serio shall be paid to Werner for the reasonable value of his services in ac-

cordance with the views expressed in this opinion. C.I.T. Corp. v. Blackwell, 281 Ill App 504 (1935); Basinski v. Basinski, 20 Ill App2d 336, 156 NE2d 225 (1959).

Judgment reversed and cause remanded.

MURPHY, P. J. and BURMAN, J., concur.