(No. 42018.—

DEPARTMENT OF BUSINESS AND ECONOMIC DEVELOPMENT, Appellee, *vs.* WAYLAND N. PHILLIPS *et al.*, Appellants.

*Opinion filed July 14, 1969.*

KING, ROBIN, GALE & PILLINGER, of Chicago, (WILLARD L. KING and STANLEY N. GORE, of counsel,) for appellants.

WILLIAM J. SCOTT, Attorney General, and FRANK S. RIGHEIMER, JR., HAROLD G. ANDREWS, THOMAS J. DOWNS, and THOMAS J. BANBURY, Special Assistants Attorney General, all of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Du Page County which was entered in an eminent domain proceeding instituted by the Department of Business and Economic Development of the State of Illinois to acquire property to be turned over to the United States Atomic Energy Commission for the construction of a BEV Particle Accelerator. The petition for condemnation of the defendants' land near Weston, Illinois, was filed on October 14, 1968, and on October 21 the Department moved for the

immediate vesting of title in accordance with the quick-take procedure authorized by sections 2.1 through 2.10 of the Eminent Domain Act. (Ill. Rev. Stat. 1967, chap. 47, pars. 2.1 through 2.10.) On November 25, 1968, the court entered an order vesting title to the land in question in the Department, and authorizing it to take immediate possession. Pursuant to the statute, the defendants appeal from that order. Questions arising under the constitution of the United States and of this State are presented, and this court has jurisdiction on direct appeal.

The first of these questions concerns the defendants' contention that the provisions of the statute which authorize the immediate vesting of title, insofar as they relate to the Department of Business and Economic Development, are invalid because they violate section 22 of article IV of the constitution of Illinois. That section provides: "The general assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: for * * * Regulating the practice in courts of justice." Prior to 1967, section 2.1 had authorized the use of the quick-take procedure by the State only in proceedings to acquire "land or interests therein for highway purposes." The section required that the motion for taking set forth: "(a) an accurate description of the property to which the motion relates and the estate or interest sought to be acquired therein; (b) the formally adopted schedule or plan of operation for the execution of the petitioner's project; (c) the situation of the property to which the motion relates, with respect to the schedule or plan; [and] (d) the necessity for taking such property in the manner requested in the motion * * *." Ill. Rev. Stat. 1965, chap. 47, par. 2.1.

In 1967 the section was amended to authorize the use of the procedure by the Department of Business and Economic Development for the purpose here involved, and the following paragraph was added: "In any proceeding for the purpose specified in 'An Act in relation to the acquisition

by the Department of Business and Economic Development of land required for construction, maintenance and operation of a high energy BEV Particle Accelerator by the United States Atomic Energy Commission', the motion need not state or have attached thereto a formally adopted schedule or plan of operation." The defendants contend that because the amendment exempts the Department from filing a schedule or plan of operation for the Weston project, although such a filing is required in all other quick-take proceedings, the amendment is special legislation "Regulating the practice in courts of justice," and therefore invalid.

Section 22 of article IV of the constitution does not prohibit all legislative classification. The legislature may properly classify in response to distinguishing circumstances or conditions that bear peculiarly upon a particular subject matter. (*Stewart* v. *Brady,* 300 Ill. 425, 435; *People ex rel. Du Page County* v. *Smith,* 21 Ill.2d 572, 578.) It is of no consequence that the class that is thereby created has only one member, so long as the single member has attributes or needs which warrant particularized treatment. *Du Bois* v. *Gibbons,* 2 Ill.2d 392, 399.

In this case the role of the Department of Business and Economic Development in the acquisition of land for the construction of the BEV Particle Accelerator differed sharply from that of the usual condemnor with respect to the proposed use of the land to be acquired. A condemnor is ordinarily responsible for the planning and construction of the project for which the land is to be taken. In this case, however, the Department was authorized only to acquire the needed land (Ill. Rev. Stat. 1967, chap. 127, par. 47.21) and to convey it to the United States Atomic Energy Commission (Ill. Rev. Stat. 1967, chap. 127, par. 47.23). The planning of the project was the responsibility of a Federal agency over which the Department had no control, and the Department had no authority to direct the construction schedule.

The defendants concede that the Department could not exercise control over the project, but they argue that it "could have filed a formally adopted schedule as to its acquisition needs, schedule for acquiring the land and schedule for turning the land over to the AEC." The legislature may reasonably have determined, however, that such a schedule, filed by a department of the State government which would not be in a position to explain or justify the necessity for the immediate acquisition of particular property in terms of the undisclosed plans for the total project, would have no significant value. It may have determined that this unique project, which contemplated the acquisition of property by the State for use for an important project of the United States, required a unique solution, which justified the elimination of ordinary requirements. We cannot say that such a conclusion was unreasonable.

The defendants also contend that on October 14, 1968, when the quick-take petition was filed in this case, there was no authority for the use of that procedure by any condemnor because the statutory authority that had theretofore existed had been "replaced", "superseded" or "supplanted." This contention is based upon the effect which the defendants attribute to a 1968 amendment to section 2.1 of the Eminent Domain Act. A brief statement of the legislative situation that prompted the adoption of the 1968 amendment will show why we have concluded that this contention must be rejected.

Three separate amendments to section 2.1 of the Eminent Domain Act were adopted by the General Assembly in 1967. One of these amendments (H.B. 566, Laws of 1967, p. 703) is that which has been discussed. It authorized the use of the quick-take procedure by the Department of Business and Economic Development for the purpose that has been described. (Ill. Rev. Stat. 1967, chap. 47, par. 2.1.) Section 2.1 was also twice amended in 1967, by separate bills, to remove the prohibition upon the use of the

quick-take procedure for acquisition of land for toll highways or toll facilities, and to provide an express authorization for the use of that procedure by the Illinois Toll Highway Authority. (S.B. 1736, Laws of 1967, p. 2043; H.B. 2327, Laws of 1967, p. 3625.) These two amendments were identical.

All three of these 1967 amendments were approved by the Governor, and all three were therefore printed in the Illinois Revised Statutes. By statute it is made the duty of the Legislative Reference Bureau, between sessions of the General Assembly, to "recommend * * * the revision, simplification and rearrangement of existing statutory law and the elimination from such law of obsolete, superseded, duplicated and unconstitutional statutes or parts of statutes * * *." The Bureau is not, however, to make any changes in the substance of existing statutes. (Ill. Rev. Stat. 1967, chap. 63, par. 29.4.) The 1968 amendment to section 2.1 of the Eminent Domain Act was one of a large number of bills prepared by the Legislative Reference Bureau pursuant to this statutory duty and it was described as follows in the 1968 supplement to the Legislative Synopsis and Digest of the 75th General Assembly:

"Amends, combines, resections or deletes obsolete terms in the following Acts or sections, making no substantive changes:

| Chapter | Paragraph | Bill No. | Final Action |
|---------|-----------|----------|--------------|
| 47 | 2.1 | 1895 | Sept. 6 approved" |

The consolidating bill was approved by the Governor on September 6, 1968. It did not, however, contain an emergency clause and therefore under section 13 of article IV of the constitution it would not become effective until July 1, 1969. The defendants suggest that although the 1968 consolidating amendment "became a law immediately upon the Governor's signing it, it did not become operative until July 1, 1969." They therefore conclude that by en-

acting the consolidating amendment in 1968 the General Assembly superseded or supplanted the authority that had been conferred upon the petitioner by the 1967 amendment.

We cannot accept this conclusion, which directly contradicts the apparent purpose of the General Assembly to make no substantive change in section 2.1. Moreover, section 2 of the Statutory Construction Act provides: "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enactment." (Ill. Rev. Stat. 1967, chap. 131, par. 2.) And section 4 of that Act provides: "No new law shall be construed to repeal a former law, * * * or in any way whatever to affect * * * any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceedings." (Ill. Rev. Stat. 1967, chap. 131, par. 4.) These statutory provisions remove all doubt, if room for doubt existed, that the 1968 amendment did not impair the vitality of section 2.1 of the Eminent Domain Act as it previously existed. The conclusion which the defendants would have us draw rests basically upon the proposition that the 1968 amendment repealed the earlier versions of section 2.1. That conclusion is unwarranted, and its conflict with the Statutory Construction Act is obvious even though the milder terms "replaced", "superseded" or "supplanted" are substituted for the word "repealed."

Finally, the defendants contend that they were deprived of due process of law under section 2 of article II of the constitution of Illinois and the fourteenth amendment to the constitution of the United States because their right to have the jury view the property, in the process of determining its value, was impaired. Their point is that if the quick-take provisions of the statute had not been employed, the jury would have had an opportunity to see the land in its condition at the time of the taking, and not after the con-

demnor had taken possession and its condition had been changed. This contention is unsound. It would completely bar the use of any quick-take procedure, and it is based upon a misconception of the constitutional rights of the owner of property which is taken for public use in eminent domain proceedings.

It is true that the Eminent Domain Act provides that the "jury shall, at the request of either party, go upon the land sought to be taken * * * and examine the same * * *." (Ill. Rev. Stat. 1967, chap. 47, par. 9.) It is also true that a jury's view of the premises after the condemnor has taken possession of the property and made physical changes is not as effective as would be a view of the property in its original condition. It does not follow, however, that the opportunity to have a jury view the premises is a matter of constitutional right. As the Supreme Court of the United States held in *Dohany* v. *Rogers,* 281 U.S. 362, 369, 74 L. Ed. 904, 912, "The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. Under it he may neither claim a right to trial by jury nor a right of appeal. Its requirements are satisfied if he has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it."

So far as the defendants' contention is based upon the constitution of Illinois, it has been disposed of by the decisions of this court in *Atchinson, Topeka and Santa Fe Railroad Co.* v. *Schneider,* 127 Ill. 144, 151-2, and *Department of Public Works and Bldgs.* v. *Remmerie,* 29 Ill.2d 40. See also, *United States* v. *2.4 Acres of Land etc.* (7th cir.), 138 F.2d 295; Comment, 41 Ill. Law Rev. 82.

The order of the circuit court of Du Page County is affirmed.

*Order affirmed.*