HARRIE L. HALL, Plaintiff-Counterdefendant-Appellee, *v.* ELIZABETH JOY HALL, Defendant-Counterplaintiff-Appellant.

(No. 58977;

First District (3rd Division)—January 9, 1975.

S. Paul Zelznick and Gerald J. Mannix, of Mannix and Zelznick, of Chicago, for appellant.

Edward D. Rosenberg, of Rosenberg & Kosin (Marshall B. Segal and Ellis B. Rosenzweig, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Elizabeth Joy Hall, appeals from an order of the circuit court of Cook County terminating her award of alimony from the plaintiff, Harrie L. Hall. The award of alimony was established under a 1969 decree of divorce and property-settlement agreement. Defendant contends that the trial court abused its discretion in ordering termination of alimony based upon its finding that defendant had engaged in immoral conduct subsequent to the divorce; committed reversible error in its rulings on certain evidence; and improperly denied defendant's counter-petition for an increase in alimony and her request for attorney's fees to prosecute this appeal.

The parties were married on March 5, 1945 and divorced on August 8,

1969. They had one child who was emancipated at the time of the divorce. Under the terms of the property settlement agreement, plaintiff transferred certain property valued in excess of $100,000 to defendant. The property included the couple's home, an automobile, and insurance policies. Plaintiff was to pay defendant $15,000 per year as alimony. In 1970 an agreed order was entered whereby the alimony was reduced to $9,600 per year. In 1972 plaintiff initiated this action to terminate alimony. After extensive hearings, the trial court found that a material change in the circumstances of the parties had occurred, and terminated alimony.

At the time of the divorce plaintiff was 47 years old. He had been a dentist for 25 years and enjoyed a successful practice. Defendant was a 44-year-old nonworking wife who gave up her education upon marrying plaintiff. At the time of the hearing, plaintiff was making $60,000 per year in his practice, an increase of nearly 30% since the entry of the divorce decree. Plaintiff also had considerable sums of money invested in real estate. Defendant had a $10,000 savings account, received a weekly salary of $26 for part-time employment, and had received $40,000 in alimony from the time of the entry of the decree.

Shortly after the divorce, plaintiff remarried. His second wife had a daughter by a previous marriage who became a member of plaintiff's new household. (Plaintiff's stepdaughter is now emancipated.) During the same period of time, defendant became acquainted with one Robert Jones. In the early part of 1970 Jones took up residence in defendant's home.

The relationship between defendant and Jones is not in dispute. They attended social functions, took vacations, and ate meals, all together. They had the same telephone number, shared household chores and took care of each other when sick. Defendant and Jones have engaged in sexual relations on a regular basis. Jones earned $11,000 per year. He paid no rent and has made no financial contribution toward the home expenses. Defendant paid the mortgage, real estate taxes, insurance and utility bills. Jones occasionally made purchases of groceries and gasoline. Defendant testified that Jones did home repair and maintenance and that without him, she would be compelled to spend large sums of money for outside help.

Plaintiff introduced evidence that his health had deteriorated in recent years. His psychiatrist testified that plaintiff suffered from extreme anxiety and depression and that this condition was aggravated by his continuing financial obligations to defendant. Defendant offered evidence that she had developed serious health problems which made full-time employment impossible. There was conflicting medical testimony concerning the nature and extent of her illness.

After hearing the evidence, the trial court made findings of fact. The court concluded that the assets divided at the time of the divorce were acquired through the efforts of both parties, that defendant had received $40,600 in alimony since the divorce and that defendant's condition of health did not render her unemployable. Further, the court found that defendant and Jones were living together in the manner alleged by plaintiff, that Jones did not contribute financially to the living situation, and that since the divorce plaintiff was receiving continuous psychological treatment for anxiety and depression. Having made these findings the court ruled that defendant, by living with Jones since 1970, had materially changed the parties' circumstances, and that the husband should not be compelled to support "his divorced wife and her paramour in idleness and fornication."

Defendant initially contends that the instant facts do not justify the ordered termination of alimony. Indeed, she urges that the trial court erred in denying her counter-petition for an increase in alimony.

■■ Section 18 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 19) permits a court to terminate or alter the allowance of alimony when it is reasonable and proper. Before termination or modification of the provisions of a decree of divorce will be allowed, the petitioner must establish that changes in the circumstances of the parties have occurred which are so substantial as to justify the relief sought. *Louthan v. Louthan* (1970), 130 Ill.App.2d 281, 264 N.E.2d 797; *Loucks v. Loucks* (1971), 130 Ill.App.2d 961, 266 N.E.2d 924.

■■ It has been held in Illinois that a wife's right to alimony is not affected by the moral quality of her post-divorce conduct. (*Cole v. Cole* (1892), 142, Ill. 19, 31 N.E. 109; *Cooley v. Cooley* (1927), 244 Ill.App. 488.) Although, as plaintiff correctly points out, these cases were decided before the courts had the statutory authority to terminate alimony, we find the principle enunciated to be applicable to the facts before us.

Since receiving the statutory authority to terminate alimony, the courts, in determining whether the change in circumstances is so serious as to justify such termination, have focused on factors such as the length of the marriage, whether children were born, the existence of a property settlement agreement, and the age, health, employability, and financial condition of the parties. (*Tan v. Tan* (1972), 3 Ill.App.3d 671, 279 N.E.2d 486; *Johnston v. Johnston* (1972), 9 Ill.App.3d 247, 292 N.E.2d 39; *Bowman v. Bowman* (1973), 11 Ill.App.3d 719, 298 N.E.2d 339.) The issue of alimony termination and modification was most recently considered by this court in *Borowitz v. Borowitz* (1974), 19 Ill.App.3d 176, 311 N.E.2d 292. In that case the parties were middle-aged at the time of their marriage, and both had been married before. The husband was a wealthy

businessman. After 2½ years the marriage ended in divorce. Pursuant to a property settlement agreement, the wife kept property valued at $150,-000, and the husband paid $16,000 per year in alimony. After 10 years the husband petitioned the court to terminate alimony. The petition was granted by the trial court on the basis that the substantial sums already paid, the net worth of the parties, and the passage of 11 years since the entry of the decree, all amounted to a material change in circumstances. In reviewing the order, this court held that the changed circumstances did not warrant termination of alimony. However, we noted that alimony was meant to contribute to the support of the wife and not to visit punitive damages upon the husband for any supposed misconduct. We held, therefore, that the change in circumstances justified a modification of alimony, and remanded the cause to the trial court to conduct hearings for such purpose.

■■ Applying the reasoning of *Borowitz*, we believe that a termination or modification of alimony must reflect a substantial change in the needs of the parties and cannot be used to punish the moral transgressions of the wife. Defendant in the present case is nearly 50 years old, with no career training or significant work experience. The parties were married for 24 years, during which time plaintiff built a successful dentistry practice. Defendant's efforts contributed to that success. The trial court specifically found that the assets transferred to defendant at the time of the divorce were acquired through the joint efforts of both parties. Subsequent to the divorce, defendant agreed to a 30% reduction in alimony, despite the fact that plaintiff's income had increased substantially. In light of all these facts, we conclude that the trial court erred in totally terminating alimony.

■■ Yet, while the changed circumstances do not justify termination, they clearly support a modification of alimony. Plaintiff should not be required to support Jones. The evidence revealed that, despite the fact that Jones earned $11,000 per year, practically all of his living expenses were provided by defendant. Defendant in turn received almost all of her income from the alimony award. Jones paid no rent and made no financial contribution toward the home expenses, except for an occasional grocery purchase. Defendant paid all of the taxes, utility bills, insurance, and provided almost all of the food for Jones. We direct therefore, that the trial court enter an order modifying the present alimony, and that it conduct such hearings as necessary to determine a proper alimony award. In our view, discussion is unnecessary for our further finding that the trial court correctly denied defendant's counter-petition for an increase in alimony.

■■ Defendant also urges that the trial court erred in denying her

motion for prospective attorney's fees to prosecute this appeal. The argument is without merit. The only authority for attorney's fees on appeal in divorce matters is found in section 15 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 16). That section allows attorney fees for the defense of an appeal; it does not authorize the court to grant fees to prosecute an appeal. (*Buehler v. Buehler* (1940), 373 Ill. 626, 27 N.E.2d 466.) Furthermore, in *Horwitz v. Horwitz* (1970), 130 Ill.App.2d 424, 264 N.E.2d 723, this court held that section 15, by its express terms, applies only to matters culminating in the original divorce decree and does not authorize the allowance of attorney's fees to either side in an appeal from a post-decretal order. The court properly denied defendant's motion for attorney's fees.

Since the assigned error is unlikely to recur in the new hearing, we deem it unnecessary to consider defendant's claim that the trial court committed reversible error in several of its evidentiary rulings.

For the reasons stated, the order of the circuit court of Cook County denying defendant's petition for an increase in alimony is affirmed. The order denying defendant attorney's fees to bring this appeal is also affirmed. The order terminating the award of alimony to defendant is reversed, and the cause is remanded to the trial court with directions to conduct the necessary hearings to determine a proper award of alimony in accordance with the holdings of this opinion.

Affirmed in part; reversed in part and remanded.

DEMPSEY and MEJDA, JJ., concur.