MARY JANE GILMORE, Plaintiff-Appellant, *v.* ROBERT LEE GILMORE, Defendant-Appellee.—(MITCHELL EDELSON, JR., Appellant.)

(No. 59614;

First District (2nd Division)—April 8, 1975.

*Opinion modified on denial of rehearing May 20, 1975.*

Jerome Berkson and Miles N. Beermann, both of Chicago, for appellant Mary Jane Gilmore.

Mitchell Edelson, Jr., of Chicago (Thomas C. O'Brien, of counsel), for appellant Mitchell Edelson, Jr.

Zukowski & Bak and Wachowski & Wachowski, both of Chicago (Casimir R. Wachowski and Andrew A. Ziemba, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Mary Jane Gilmore, was granted an uncontested divorce from defendant Robert Lee Gilmore. The trial court's decree awarded plaintiff periodic alimony and granted defendant custody of the minor children as well as exclusive possession of the marital home. The decree further directed defendant to maintain the home, continue making mortgage payments, and pay real estate taxes. When the youngest child reaches 18 years of age, the court ordered that the house be sold and that defendant receive credit for any monies he has advanced for real estate taxes, mortgage payments, and capital improvements. The net of the sale proceeds are then to be divided between plaintiff and defendant.

Plaintiff prosecutes this appeal from those portions of the decree that grant her alimony; that allow defendant exclusive possession of the home; and that permit defendant to take credits for his payment of the mortgage, real estate taxes and capital improvements prior to dividing the proceeds from the sale of the house.

Plaintiff's prior attorney, Mitchell Edelson, Jr., also appears in this proceeding as an additional appellant. He appeals from that portion of

the decree ordering defendant to pay attorney's fees and from the rulings of the trial court which prohibited him from testifying in support of his request for fees and prevented him from questioning both plaintiff and defendant regarding their respective abilities to pay his fees.

We shall first consider the issues raised by plaintiff.

## I.

Mrs. Gilmore challenges the sufficiency of the trial court's award of periodic alimony. The decree ordered defendant to pay to plaintiff $825 per month as alimony, and this amount, plaintiff urges, is wholly inadequate, contrary to the manifest weight of the evidence, and represents an abuse of the trial court's discretion.

The findings of the trial court as set out in its decree reveal that the parties had been married since 1946; that they have eight children who ranged in age from 10 to 26 years at the time of the decree; that defendant is a physician whose net income (after taxes) for the years 1971 and 1972 was $41,167 and $40,245.93 respectively; that the parties have no assets, no bank accounts, no stocks and bonds, and no equity other than the marital home which is subject to an outstanding mortgage indebtedness of approximately $21,000; that defendant had income tax obligations of approximately $13,000, loans payable of approximately $17,000, and has committed himself to provide college educations for his children. The decree further ordered that the defendant should maintain $25,000 of life insurance payable to plaintiff, to carry necessary hospitalization insurance for plaintiff, to pay plaintiff's extraordinary medical and dental expenses, and to permit plaintiff to take one-half the furniture from the marital home.

On appeal plaintiff points out that in the trial court she testified that her monthly expenses amounted to $1,455 and submitted an itemized list to support such claim; that she had no personal assets other than her interest in the marital home; and maintains that the award of $825 bears no relation to her needs in order to live in the station of life that she was accustomed to while married to defendant.

■■ The purpose of an alimony award is to furnish support to the wife or to contribute to her partial support. (*Byerly v. Byerly* (1936), 363 Ill. 517, 526, 2 N.E.2d 898; 16A I.L.P. *Divorce* § 151.) Its proper measure is the need of the wife and the ability of the husband to pay. (*Klebba v. Klebba* (1969), 108 Ill.App.2d 32, 40, 246 N.E.2d 681.) The amount of the award lies within the discretion of the trial court, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. *Hoffmann v. Hoffmann* (1968), 40 Ill.2d 344, 349, 239 N.E.2d

792; *Canady v. Canady* (1964), 30 Ill.2d 440, 444, 197 N.E.2d 42; *Sandberg v. Sandberg* (1973), 11 Ill.App.3d 495, 501, 297 N.E.2d 654.

■■ In the instant case the trial court noted during the course of the hearing that the aggregate amount of alimony requested by plaintiff would have equaled nearly 50 percent of defendant's yearly net income as reflected by the evidence presented. We have reviewed the record that was before the trial court. We note the so-called monthly expenses claimed by the plaintiff include items which a trial court could properly question both as to their need, whether they would be recurring, and the amount. We, therefore, conclude that the decision evidences no abuse of discretion and is supported by the manifest weight of the evidence. We, therefore, affirm the alimony award.

## II.

Plaintiff next attacks those portions of the decree which grant defendant exclusive possession of the marital home and give him credits on the ultimate sale proceeds from the house. Plaintiff and defendant held title to the property as joint tenants, and plaintiff argues that the trial court's order deprives her of her equity in the property and, as such, is tantamount to a transfer or conveyance of her property to defendant, and that there is no proof of special equities in defendant as required by the Illinois Divorce Act.

In Illinois the transfer of property from one spouse to another pursuant to a divorce decree is governed by statute. (Ill. Rev. Stat. 1973, ch. 40, pars. 18, 19.) Section 18 (par. 17) permits the court to compel the party holding title to property to convey the same to the party who is equitably entitled to it. Our courts have held, however, that to justify a conveyance or transfer under section 17, special circumstances and equities must be alleged and proved, but that this is unnecessary when the court orders a conveyance or transfer of property *in lieu* of alimony under section 18 of the Act (par. 19). (*Debrey v. Debrey* (1971), 132 Ill.App.2d 1072, 1074, 270 N.E.2d 43.) Accordingly, plaintiff contends that the trial court erred in granting defendant exclusive possession of the home as well as credits from the sale proceeds when he offered no proof of special equities or circumstances. We agree.

As noted earlier, the trial court's decree directed defendant to maintain the home, continue making mortgage payments, and pay real estate taxes. Upon the youngest child reaching 18 years of age, the court ordered that the house be sold and that the net of the sale proceeds be divided between plaintiff and defendant after defendant has received credit for any monies

he has advanced for real estate taxes, mortgage payments and capital improvements.

■■ As a general proposition of the law of joint tenancy, cotenants are equally liable for the cost of necessary repairs as well as payment of the mortgage and real estate taxes. (*Titsworth v. Stout* (1868), 49 Ill. 78, 80; *Querney v. Querney* (1906), 127 Ill.App. 75, 78; *Carabelli v. Carabelli* (1932), 266 Ill.App. 453, 460-61; 48 C.J.S. *Joint Tenancy* § 8 (1947); Mamer, *Legal Consequences of Joint Ownership*, 1959 U.Ill.L.F. 944, 948-49.) It appears from the above-cited authority that this proposition obtains regardless of the fact that only one tenant may be in actual possession of the jointly held property, the rationale being that such expenditures protect the property from loss or damage and thus inure to the benefit of all cotenants.[1] (48 C.J.S. *Joint Tenancy* § 8; Mamer, *supra*.) Accordingly, in the case at bar the plaintiff is responsible for her proportionate share of the noted expenses and defendant is entitled to credits from the sale proceeds for the amounts forwarded on her behalf. The trial court, however, directed that defendant should receive credits for all monies he has and will have advanced. This means that defendant will be reimbursed for payments made on behalf of plaintiff, and also to satisfy his own proportionate share of the expenses. In light of section 17 of the Divorce Act, as well as the above-cited law of joint tenancy, we

---

[1] Under the law of cotenancy of real property it is clear that, where one cotenant is in sole through nonadverse possession of the entire premises, the cotenant out of possession is nevertheless liable for his fractional share of payments of mortgage principal or payments of the value of capital improvement or of the cost of necessary repairs; and where the cotenant in possession has made the whole of such payments, he can enforce the liability of the cotenant out of possession, at least on final accounting between the cotenants when the cotenancy has been terminated by voluntary or partition sale of the property.

But there is a sharp division of American authority as to whether payments of mortgage interest or annual real estate taxes or other so-called "carrying charges" also fall within the above principle. The counterview is that since the cotenant in possession is not liable for the value of his mere use and occupancy of the entire premises, he should not be able to recover any part of the annual "carrying charges." But the weight of American authority appears to be that the annual "carrying charges" do fall within the above general principle. *Baird v. Moore* (1958), 50 N.J. Super. 156, 141 A.2d 324.

To our knowledge, however, there is no Illinois case squarely holding one way or the other, and we do not regard the instant case as an appropriate case for a definitive holding on the matter.

Hence, we hold merely that, in this case, the trial judge did not abuse his discretion to the extent to which he allowed a credit to defendant, upon final accounting between the parties, for that portion of mortgage interest payments and annual real property tax payments attributable to plaintiff's one-half interest in the premises. His ruling here may be regarded as a requirement that plaintiff contribute to the support of the children to that extent out of her only major asset.

do not agree with the trial court. The defendant should not be allowed to deduct or receive credit for his share of such payments.[2]

Plaintiff has offered a number of suggestions as to how we might correct this portion of the decree, foremost of which is to presently order the sale of the marital home and a division of the sale proceeds. Without commenting upon the merits of the suggested present sale of the home, we believe that it would be in the best interests of the parties to reverse this portion of the decree and remand the cause to the circuit court.

The question of the sale of a residence involves questions concerning a

---

[2] The following illustrates the difference between the holding of this court and that of the trial court. Assume the following facts: Property sold for $81,000 with $6,000 outstanding mortgage encumbrance as of date of sale, and defendant, on behalf of both the plaintiff and himself, has paid out $50,000 for mortgage, taxes and repairs. The respective computations follow:

*Per this opinion:*

| | | |
|---|---|---|
| Sale price | | $81,000.00 |
| Less: Payments to clear mortgage | | 6,000.00 |
| Net sale price proceeds | | $75,000.00 |
| Less: ½ (wife's share) of $50,000 advanced by defendant on mortgage, taxes and repairs | | 25,000.00 |
| Balance available for distribution | | $50,000.00 |
| Distribution: ½ to plaintiff | $25,000.00 | |
| ½ to defendant | $25,000.00 | |

*Allocation of net sale price proceeds*

| Plaintiff | | Defendant |
|---|---|---|
| $ —0— | Refund of proportionate share of expense advanced for wife by husband | $25,000.00 |
| 25,000.00 | Distribution of balance of proceeds | 25,000.00 |
| $25,000.00 | Total | $50,000.00 |

*Per trial court's judgment:*

| | | |
|---|---|---|
| Sale price | | $81,000.00 |
| Less: Payments to clear mortgage | | 6,000.00 |
| Net sale price proceeds | | $75,000.00 |
| Less: Payments by defendant on mortgage, taxes and repairs | | 50,000.00 |
| Balance available for distribution | | $25,000.00 |
| Distribution: ½ to plaintiff | $12,500.00 | |
| ½ to defendant | 12,500.00 | |

*Allocation of net sale price proceeds*

| Plaintiff | | Defendant |
|---|---|---|
| $ —0— | Refund of payments for mortgage, taxes and repairs | $50,000.00 |
| 12,500.00 | Distribution of balance of proceeds | 12,500.00 |
| $12,500.00 | Total | $62,500.00 |

home for the children, the current real estate and mortgage market, and the alternative to such a possible course of action. This court cannot be blind to the facts of life that there exist, at the present time, certain problems in the current economy which could have a bearing [3] upon the real estate market as well as the availability of mortgage money. Satisfactory consideration, evaluation and resolution of the problem requires a comprehensive hearing which only the trial court should conduct.

## III.

We turn now to consideration of those points raised by additional appellant Edelson.

Edelson had been plaintiff's original attorney in this matter but withdrew from the case on June 14, 1972. Prior to that time he had received $250 from plaintiff and $1,853.75 in temporary attorney's fees from defendant. On June 8, 1972, Edelson filed his petition for fees requesting a judgment against defendant in the amount of $14,123.59. In this petition Edelson offered a detailed account of his time and efforts spent on behalf of the plaintiff over a period of approximately 4 years which reveals that he claims he devoted 351½ hours to the case. The trial court, however, concluded that Edelson's services were worth only $750 and ordered defendant to pay that amount plus $228 for expenses.

Attorney Edelson appeals from this portion of the decree and further contends the trial court erred when it forbade him to testify in support of his request for fees and prevented him from questioning both plaintiff and defendant regarding their respective abilities to pay his fees.[4]

Supreme Court Rule 301 (Ill. Rev. Stat. 1973, ch. 110A, par. 301) is the fundamental authorization for appeals from judgments of the circuit court. (Ill. Ann. Stat., ch. 110A, par. 301, Committee Comments (Smith-Hurd 1968).) When the appeal is taken by one not a party of record, h's interest must be apparent either from the record or else in his points relied upon for reversal, and must be such that he will take or lose something directly by the judgment or decree which he is challenging. *Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 530, 44 N.E.2d 592.

We note at the outset that Edelson was not a party to the underlying action, but we are satisfied of his standing to appeal from the trial court's decree.

■■ As regards the instant case, the Divorce Act provides that should

---

[3] For a comprehensive review of "judicial notice" see *Wheeler v. Aetna Casualty and Surety Co.* (1st Dist. 1973), 11 Ill.App.3d 841, 853-54, 298 N.E.2d 329.

[4] Attorney Edelson fails to cite any portion of the record in support of these last two assertions, but defendant, on the other hand, does not dispute them.

the court grant attorney's fees to the wife, it may, in its discretion, make such fees payable in whole or in part to the attorneys entitled thereto and enter judgment and enforce the payment thereof. (Ill. Rev. Stat. 1973, ch. 40, par. 16.) This court, in turn, has held that section 15 (par. 16) gives attorneys in this type of litigation a sufficient interest on which to base an appeal. (*Richheimer v. Richheimer* (1965), 59 Ill.App.2d 354, 365, 208 N.E.2d 346; *Serio v. Serio* (1967), 85 Ill.App.2d 102, 104, 229 N.E.2d 281.) The appeal of Edelson then is properly before this court.

In awarding Edelson only $750 in attorney's fees, the trial court explained that defendant did not have the means to pay the amount requested, and further, that while Edelson's efforts to reconcile the parties were commendable, he should have proceeded more promptly with the disposition of the case. Our reading of the transcript reveals, however, that Edelson was never permitted to present evidence in support of his petition. In light of his allegations as to the great amount of time he had devoted to this case, as well as the gross disparity between the award requested and that granted, we believe Edelson should have been given the opportunity to present such evidence as may be proper. For this reason, we reverse that portion of the decree dealing with Edelson's award of attorney's fees and remand the cause to the circuit court for a hearing on that issue.

Accordingly, the portion of the decree of the circuit court of Cook County awarding plaintiff $825 per month as alimony is affirmed, and the portion of the decree pertaining to the sale of the real estate and the division of the proceeds, as well as the award of attorney's fees, are reversed and remanded for a hearing consistent with the views expressed herein.

Affirmed in part; reversed and remanded in part.

STAMOS and HAYES, JJ., concur.