MARY JANE GILMORE, Plaintiff, *v.* ROBERT LEE GILMORE, Defendant-Appellant.—(JEROME BERKSON *et al.*, Petitioners-Appellees.)

First District (4th Division)   No. 77-1559

Opinion filed July 19, 1979.

Zukowski and Bak, Wachowski and Wachowski, and Andrew A. Ziemba, all of Chicago (Casimir R. Wachowski and Andrew A. Ziemba, of counsel), for appellant.

Jerome Berkson and Beermann, Swerdlove, Woloshin and Barezky, both of Chicago (Miles N. Beermann and Paul J. Bargiel, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Robert Lee Gilmore, defendant-appellant, brings this appeal from the order and judgment of the circuit court of Cook County granting $21,000 in attorneys' fees to Messrs. Jerome Berkson and Miles N. Beermann, petitioners-appellees, for services performed for Mary Jane Gilmore, plaintiff. The two attorneys represented plaintiff in the prosecution of a partially successful appeal and in post-judgment proceedings initiated by plaintiff's petitions for increase in alimony, for a hearing pursuant to the mandate of the appellate court issued in a prior appeal, and for defendant's payment of plaintiff's extraordinary medical expenses. We affirm the circuit court's ruling.

Plaintiff filed her complaint for divorce against defendant in 1970. On June 6, 1973, the uncontested portions of the original judgment were entered awarding custody of the minor children of the marriage to defendant and committing him to provide for their college educations. Defendant was ordered to maintain $25,000 in life insurance, payable to plaintiff; to pay her extraordinary medical and dental expenses; and to divide equally the furniture from the marital home.

Thereafter, plaintiff appealed from the contested portions of the judgment for divorce granting her $825 per month alimony and awarding sole possession of the jointly owned marital home to defendant until the youngest child reached majority. The home was to be sold at that time and the proceeds divided equally after crediting defendant, from plaintiff's share of the sale proceeds, with one-half of the payments to be made by him for real estate taxes, mortgage payments and capital

improvements. Defendant did not file a cross-appeal. This court affirmed the alimony award and reversed and remanded the grant of possession of the home and credits for its maintenance to defendant. (*Gilmore v. Gilmore* (1975), 28 Ill. App. 3d 36, 43, 328 N.E.2d 562, 567-68.) The parties were ordered to pay their own court costs.

Plaintiff then filed in her own name a petition seeking an increase in alimony and for a hearing requesting immediate sale of the marital home. Additionally, she filed a petition for extraordinary medical and dental expenses. Concurrently, her attorneys filed in their own names a petition for fees and subsequently sought to compel defendant to pay them for services rendered on the appeal and in the prosecution of plaintiff's post-judgment petitions. Defendant filed a counterpetition which sought to terminate alimony on the ground that plaintiff had been awarded a disproportionate share of the joint assets in that the formula enunciated in the appellate court opinion, in effect, awarded her alimony in gross.

Plaintiff's petition for an increase in alimony was denied by the trial court and defendant was ordered to pay plaintiff's medical and dental expenses. The court further ordered an immediate sale of the marital dwelling over defendant's objection that the trial court lacked jurisdiction to compel sale of the joint asset absent a complaint for partition.

Defendant's amended motion seeking to strike and dismiss the petition and for supplemental fees was denied prior to trial. The court ordered defendant to pay $21,000 in attorneys' fees for the prosecution of the appeal and plaintiff's post-judgment petitions. The parties were ordered to pay their own costs in both the appellate and trial courts. Defendant's motion to vacate the order and judgment granting attorneys' fees was denied.

The issues for review are (1) whether the Illinois Constitution and Rules of the Supreme Court permit recovery of attorneys' fees from defendant for the partially successful prosecution of an appeal by the attorneys for plaintiff; (2) whether attorneys' fees can be recovered for the successful prosecution of an appeal regarding property rights; (3) whether attorneys' fees can be recovered from defendant by the attorneys for plaintiff where the petition for fees is not signed by plaintiff but is signed by the attorneys and brought solely for their benefit; (4) whether the allowance of attorneys' fees for the prosecution of an appeal and post-judgment petitions under the Divorce Act conflicts with the provisions of the Illinois Constitution prohibiting special and discriminatory legislation; (5) whether attorneys' fees can be recovered from defendant by the attorneys prosecuting post-judgment petitions on behalf of plaintiff and on their own behalf where plaintiff does not allege her inability to pay such fees; (6) whether attorneys' fees can be recovered in post-judgment litigation where there is no allegation in any

petition charging any action or inaction by defendant which necessitates relief; and (7) whether the evidence adduced at trial established that plaintiff was financially able to pay the fees of her attorneys.

The first issue to be discussed is whether the Illinois Constitution and Rules of the Supreme Court permit recovery of attorneys' fees from defendant for the partially successful prosecution of an appeal by the attorneys for plaintiff.

Appellant argues that the Supreme Court of the State of Illinois has not provided by rule for the payment of attorney's fees for an appeal prosecuted by a party litigant in a divorce action or any other action; therefore, the right to such payment from defendant does not exist as a matter of law. We disagree.

In relevant part, section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16) provides the following:

"In all cases of divorce the court at any time after service of summons and proper notice to the husband or wife may require the husband to pay to the wife or pay into the court for her use or may require the wife to pay to the husband or pay into the court for his use during the pendency of the suit such sum or sums of money as may enable her or him to maintain or defend the suit; * * *. * * * In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense * * * as to such court shall seem reasonable and proper.

In all actions for divorce in which the court grants to the wife or husband, as the case may be, attorney's fees in the prosecution or defense of the action, as the case may be, such fees may, in the discretion of the court, be made payable in whole or in part, to the attorney entitled thereto, and judgment may be entered and execution levied accordingly."

Appellees argue that the court properly awarded their fees for services to plaintiff in prosecuting the appeal and several post-judgment petitions in her behalf. *Bramson v. Bramson* (1958), 17 Ill. App. 2d 87, 149 N.E.2d 399, lends support to this position. In *Bramson*, the husband argued that whereas the awarding of fees would have been proper for the defense of the appeal, they were not properly awarded for the prosecution of the appeal. (*Bramson*, at 97.) The court, in *Bramson*, stated:

"There is not a word in Section 15 indicating that the legislature intended to prohibit compensation for appellate services in procuring the reversal of an erroneous decree at the final hearing of the case after the reversal has been effected.

* * *

\* \* \* We are of the opinion that under Section 15 the chancellor at the final hearing had power to allow attorneys' fees for services in the entire case, including the services rendered on the prior appeal, which was a part of the case. The fact that the chancellor may in certain circumstances allow fees to defend an appeal before the final hearing and before services are rendered is not a limitation on what services may be compensated at the final hearing. The disputed sentence affects the time when the particular allowance may be made.

\* \* \*

There seems to be no conceivable reason why the legislature should want to deny compensation for services in reversing an erroneous and therefore unjust decree." (*Bramson*, at 98-100.)

The *Bramson* court was followed in *McCarrel v. McCarrel* (1977), 48 Ill. App. 3d 666, 670, 363 N.E.2d 198, 201, which affirmed the award of attorney's fees for the prosecution of an appeal.

Appellant argues that even if section 15 of the Divorce Act permits an award of attorney's fees for the prosecution of an appeal, Public Act 79-1360 repealed that portion of section 15 which provided for the payment of attorney's fees in defense of an appeal.

Public Act 79-1360, which became effective October 1, 1976, resulted in the deletion of the following language in section 15 of the Divorce Act:

"In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper."

■■ Appellant argues if one portion of the statute concerning the award of fees for defense of an appeal is invalidated, another portion of the statute cannot be construed as allowing an award of attorney's fees for the partially successful prosecution of an appeal. Appellees argue that section 15 was never intended to create a substantive right or remedy for attorney's fees on appeal, but solely dealt with the time when fees to defend an appeal could be awarded. We need not reach this question as the trial court has correctly ruled that because the petition for fees was related to fees which were earned prior to the effective date of Public Act 79-1360 and was filed before that date, the Act has no effect on the fees in this case.

■■ We hold, therefore, that the Illinois Constitution and Rules of the Supreme Court permit recovery of appellate fees for the attorneys in the instant case.

The second issue is whether fees can be recovered for the successful prosecution of an appeal regarding property rights. It is appellant's

position that the trial court lacks the authority to award fees regarding property rights. Appellant cites for authority *Hall v. Hall* (1975), 25 Ill. App. 3d 524, 323 N.E.2d 541, which also held that section 15 applies only to matters culminating in the original judgment for divorce and does not authorize the allowance of attorney's fees to either side in an appeal from a post-judgment order. Appellees point out, in reply, that *Hall* can be distinguished from the instant case in that *Hall* involved an appeal from a post-judgment order while the instant case involved an appeal from the original divorce judgment where the court awarded fees for the appeal of the causes on remand.

■ Therefore, we hold that the court did not err in awarding attorneys' fees for the prosecution of an appellate action regarding property rights.

The third issue is whether attorneys' fees can be recovered from defendant by the attorneys for plaintiff where the petition for fees is not signed by plaintiff but is signed by the attorneys and brought solely for their benefit.

Appellant argues that the court has no jurisdiction to determine fees when the petition for fees is not signed by the plaintiff and not made at her behest but is brought solely on behalf of the attorneys. Defendant cites four cases, *Dow v. Eyster* (1875), 79 Ill. 254; *Borin v. Borin* (1951), 343 Ill. App. 649, 100 N.E.2d 333 (abstract); *Prise v. Prise* (1916), 197 Ill. App. 609; and *Holmes v. Hamburger* (1896), 67 Ill. App. 121, none of which stands for the proposition that the court lacks jurisdiction to determine fees when the petition is signed only by the attorney.

This cause first came before the appellate court in *Gilmore v. Gilmore* (1975), 28 Ill. App. 3d 36, 328 N.E.2d 562, when plaintiff's original attorney, Mr. Mitchell Edelson, filed his petition for fees requesting a judgment against defendant, after receiving $750 in fees. This court stated:

> "We note at the outset that Edelson was not a party to the underlying action, but we are satisfied of his standing to appeal from the trial court's decree.
>
> As regards the instant case, the Divorce Act provides that should the court grant attorney's fees to the wife, it may, in its discretion, make such fees payable in whole or in part to the attorneys entitled thereto and enter judgment and enforce the payment thereof. (Ill. Rev. Stat. 1973, ch. 40, par. 16.) This court, in turn, has held that section 15 (par. 16) gives attorneys in this type of litigation a sufficient interest on which to base an appeal. (*Richheimer v. Richheimer* (1965), 59 Ill. App. 2d 354, 365, 208 N.E.2d 346; *Serio v. Serio* (1967), 85 Ill. App. 2d 102, 104, 229 N.E.2d 281.) The appeal of Edelson then is properly before this court." 28 Ill. App. 3d 36, 42-43.

■ We disagree that the court lacked jurisdiction to entertain a petition for fees when signed only by the attorneys. We hold here, as we did in *Moore & Howell v. Steinbock* (1978), 67 Ill. App. 3d 336, 338, 384 N.E.2d 909, 911, that the attorneys are the party in interest to the extent that while fees are generally awarded to the litigant they properly "belong" to counsel. We find that it was unnecessary for plaintiff (the wife) to bring the action for counsel.

The fourth issue is whether the allowance of attorneys' fees for the prosecution of an appeal and post-judgment petitions under the Divorce Act conflicts with the provisions of the Illinois Constitution prohibiting special and discriminatory legislation.

Article IV, section 13 of the Illinois Constitution of 1970 provides:
> "The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination."

Because perfect uniformity of treatment of all persons is neither practical nor desirable (*Begich v. Industrial Com.* (1969), 42 Ill. 2d 32, 35, 245 N.E.2d 457, 458-59), the constitution does not eliminate all legislative classification. *Department of Business & Economic Development v. Phillips* (1969), 43 Ill. 2d 28, 31, 251 N.E.2d 170, 172.

Appellant argues, mainly, that unless a party can be forced to pay fees in all kinds of litigation the classification created for divorce cases must be special legislation. We note, however, the holding in *Bridgewater v. Hotz* (1972), 51 Ill. 2d 103, 281 N.E.2d 317, where the supreme court stated:
> "If there is a reasonable basis for differentiating between the class to which the law is applicable and the class to which it is not, the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control, and may pass laws applicable only to such persons or objects." 51 Ill. 2d 103, 111.

■ We find there is a reasonable basis for differentiating between parties to a divorce action and parties to other kinds of suits, in that the litigation in divorce cases arises out of the uniqueness of the marriage relationship. We hold, therefore, that the allowance of attorneys' fees for the prosecution of an appeal and post-judgment petitions under the Divorce Act does not conflict with the provisions of the Illinois Constitution prohibiting special and discriminatory legislation.

The fifth and seventh issues will be treated concurrently. Issue five is whether attorneys' fees can be recovered from defendant by attorneys prosecuting post-judgment petitions on behalf of plaintiff and on their own behalf where plaintiff does not allege her inability to pay counsel

fees. Issue seven is whether the evidence adduced at trial established that plaintiff was financially able to pay the fees.

Appellant contends that the trial court erred in awarding fees to plaintiff's attorneys because plaintiff did not file pleadings alleging her inability to pay such fees. Appellant argues that in the petitions filed by plaintiff her petition for extraordinary medical expenses contains no allegation or prayer for fees, while her petition for increased alimony and hearing pursuant to the mandate of the appellate court states she had limited funds for the preparation of that petition.

■■ It is true, as plaintiff suggests, that in a divorce proceeding, or matters incident thereto, the wife is, ordinarily, primarily liable for her attorney's fees and costs in prosecuting or defending the action. (*Kolar v. Kolar* (1977), 47 Ill. App. 3d 37, 42, 361 N.E.2d 751, 755; *Bottigliero v. Bottigliero* (1972), 7 Ill. App. 3d 907, 912, 289 N.E.2d 85, 88.) But, the controlling factor in determining the granting of fees in each case is the ability of the husband to pay and the inability of the wife to do so. We think the evidence adduced at trial demonstrates the wife's inability to pay her attorneys' fee and the husband's ability to pay. From 1972 through 1976, appellant's gross income, derived solely from his pediatrics practice, averaged $58,852. According to defendant, his expenses were anywhere from $12,500 to $19,000 a year more than his net income during the years in question. Plaintiff, on the other hand, earned an average gross income of $6,250 during 1975 and 1976 from employment at Kelly Girl Services, the Glencoe Thrift Shop and movie theatres. Plaintiff was unemployed at the time the original judgment for divorce was entered and was in ill health. She had been pregnant 12 times during the marriage, resulting in 8 births, 2 of which were caesarean sections, and 4 miscarriages. Further, she had operations for removal of her right eye, gall bladder and appendix. The record indicates she now suffers from heart problems and is under the care of a dentist and internist. As a result of the original judgment, plaintiff was to receive $825 per month. According to plaintiff, her expenses exceed her income by $375 per month. Since plaintiff and defendant divided the equity from the sale of the marital home, they each had monies from that transaction.

In *Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282, the court stated:

> "It is a settled rule that to justify allowance of attorneys fees in a divorce suit, the party seeking this relief must show financial inability to pay and the ability of the other spouse to do so. [Citations.] However, in this context, financial inability does not mean destitution. In divorce cases, when questions arise concerning suit money, the income and assets of both spouses must be considered; and if the wife's funds, though she has some, are insufficient, those of the husband can be reached so that the wife,

without exhausting her own estate, can protect her rights in the marital litigation." 22 Ill. App. 3d 1045, 1050.

Therefore, we hold that the ability of appellant to pay plaintiff's attorneys' fees was established, and attorneys' fees can be recovered despite plaintiff's failure to allege her inability to pay them.

Finally, in the sixth issue, appellant asks the question whether attorneys' fees can be recovered in post-judgment litigation where there is no allegation in any petition charging any action or inaction by defendant which necessitates relief.

On this issue, appellant argues that section 15 of the Divorce Act has been interpreted to deny fees to any litigant in a post-judgment proceeding where the party sought to be charged with the payment of fees has not done, or failed to do, anything occasioning the relief requested in the post-judgment proceeding; and has also been interpreted to deny fees to any litigant in an appeal from a post-judgment order, citing the following cases for support: *Matthews v. Matthews* (1976), 42 Ill. App. 3d 1049, 356 N.E.2d 1083; *Goldberg v. Goldberg* (1975), 30 Ill. App. 3d 769, 332 N.E.2d 710; *Hall v. Hall* (1975), 25 Ill. App. 3d 524, 323 N.E.2d 541; *Kuhns v. Kuhns* (1972), 7 Ill. App. 3d 884, 288 N.E.2d 884; and *Moore v. Black* (1956), 10 Ill. App. 2d 339, 134 N.E.2d 347 (abstract).

Appellees reply, citing *Mabbatt v. Mabbatt* (1967), 78 Ill. App. 2d 455, 223 N.E.2d 191, which held that attorney's fees may be awarded for the prosecution of post-judgment petitions. In *Mabbatt*, the court held:

"Defendant asserts that 'the power of a court to grant attorney fees rests on Section 15 of the Divorce Act (Ill Rev Stat 1965, ch 40 §16); that by its terms the right granted by the statute is limited to services rendered in connection with the marital relation, not for services rendered after that status has been terminated by the original decree.' In further support of his argument defendant asserts that it was plaintiff who initiated the action to modify the divorce decree. Contrary to defendant's contention, attorney fees can be awarded to a divorced wife in subsequent proceedings to modify the decree under proper circumstances." 78 Ill. App. 2d 455, 459.

It is plain, therefore, that the court may award attorneys' fees for post-judgment petitions, regardless of whether the party to be charged has done, or failed to do, anything occasioning the relief requested, and we so hold.

For the foregoing reasons, the ruling of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P. J., and ROMITI, J., concur.